## Frankel v. Stern.

1. JUDGMENTS—*Separate Suits Against Maker and Grantor—Satisfaction of One Judgment Satisfies the Other.*—F. held a note against J. upon which D. was a guarantor. He commenced separate suits against each and recovered judgment in each case. J., the maker of the note,

Frankel v. Stern.

paid the judgment against him, when D. applied to the court to have satisfaction entered upon the judgment against him, but was required to pay the costs of the suit before it was done.

2. JUDGMENTS—*Audita Querela—Actions Against Different Parties for the Same Cause—Satisfaction Against One—Power of the Court to Satisfy Judgment, etc.*—Where a person held a note against two persons, one of whom was the maker and the other the guarantor, he brought separate suits against each, in which unjust defenses were made to a portion of the note.  Rather than incur the delay and risk of solvency, he took judgment in each case for the amount of his note, less the amount of the alleged defense.  The maker paid the judgment against him, when the guarantor applied to the court for satisfaction of the judgment entered against him.  The plaintiff insisted upon the application that the court ought to inquire whether equitably he was not entitled to a larger judgment, and on finding that he was, require payment of the excess before entering satisfaction.  *It was held,* that the court could not be required to go behind the voluntary act of the parties and inquire whether, for some real or supposed advantage, he had not forborne to enforce his rights.

**Memorandum.**—Assumpsit on promissory note.  Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.  Heard in this court at the October term, 1892.  Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, MORAN, KRAUS, MAYER & STEIN,
ATTORNEYS.

Appellants contended that the court ought to have inquired whether in equity they were not entitled to a large judgment.

A motion for satisfaction of a judgment is an equitable remedy and disposed of upon equitable principles, and therefore the motion should have been denied.

According to the modern practice in some jurisdictions, the summary motion to order entry of satisfaction of the judgment where there is no contest as to the facts has taken the place of the old writ of *audita querela* (which was in the nature of an equitable writ), but in both cases the remedy is applied upon equitable principles.

Blackstone, in his 3d book, p. 405, thus declares the law: "*Audita querela* is where a defendant against whom judg-

ment is recovered, and who is therefore in danger of execu-
tion, or perhaps actually in execution, may be relieved upon
good matter of discharge which has happened since the
judgment; as, if the plaintiff hath given him a general
release; or if the defendant hath paid the debt to the plaintiff
without procuring satisfaction to be entered on the record.
In these and the like cases, wherein the defendant hath
good matter to plead, but hath had no opportunity of plead-
ing it (either at the beginning of the suit or *puis darrein
continuance*, which, as was shown in a former chapter, must
always be before judgment), an *audita querela* lies, *in the
nature of a bill in equity*, to be relieved against the oppres-
sion of the plaintiff. It is a writ directed to the court,
stating that the complaint of the defendant hath been heard,
*audita querela defendentis*, and then, setting out the matter
of the complaint, it at length enjoins the court to call the
parties before them, and, having heard their allegations and
proofs, to cause justice to be done between them.   *   *   *
It is a writ of a most remedial nature, and seems to have
been invented lest, in any case, there should be an oppressive
defect of *justice*, where a party who hath a good defense is
too late to make it in the ordinary forms of law.   But the
indulgence now shown by the courts in granting a summary
relief upon motion, *in cases of such evident oppression*, has
almost rendered useless the writ of *audita querela* and driven
it quite out of practice."   (The italics are ours.)

Freeman on Judgments, Sec. 95, speaking of the writ of
*audita querela*, says that the proceeding by this writ "is
said to have commenced about the tenth year of the reign
of Edward the Third.   It gradually gave way in England
to the more simple and equally efficient remedy by motion.
It is, notwithstanding, still used in some of the United
States.   *   *   *   The original purpose of the writ, and the
one to which it is generally confined, is that of relieving
the party of the wrongful acts of his adversary and of per-
mitting him to show any matter of discharge which may
have occurred since the rendition of the judgment.   It is in
the nature of a bill in equity, and was invented, says Black-
stone, 'lest in any case there should be an oppressive defect

of justice, where a party who has a good defense is too late to make it in the ordinary forms of law.' It is a judicial writ, founded upon the record and directed to the court, where the record remains. It has the usual incidents of a regular suit, with its issues of law and of fact, its trial and judgment, and the persons whose judgment is sought to be vacated must be made parties and given notice.  *  *  * It is the proper remedy when two judgments have been rendered on the same cause of action and one of them is paid (citing Browne v. Joy, 9 Johns. 221).  *  *  *  As a general rule, wherever *audita querela* would lie at common law, relief may now be obtained on motion, but perhaps in some of the States and in England, if the right to relief is gone, or if the facts of the case are disputed, the party moving may be compelled to have recourse to this writ."

See also Anderson's Dictionary of Law, Audita Querela, p. 95; 1 Am. & Eng. Encl. of Law, p. 1003; Williams v. Roberts, 8 Hare, 315; People v. Barnett, 91 Ill. 429; Staniford v. Barry, 1 Aikins, 321, S. C., 15 Am. Dec. 692; Spafford v. Jamesville, 15 Wis. 475; Cooley v. Gregory, 16 Wis. 303.

It is also said to be in the nature of an equitable suit, in which the equitable rights of the parties will be regarded. Citing Lovejoy v. Webber, 10 Mass. 103; Waddington v. Bredenbergh, 2 Johns. Cases 227; 3 Blackst. Com. 406; Lord Holt, in the early case of Wickett v. Creamer, 1 Salk. 264 (S. C. Ld. Raym. 439), holding that the court would relieve a party upon motion, unless the ground of his application was a release of some such matter of fact as was proper to be tried. The same rule was applied in an early case in New York—Wardell v. Eden, 2 Johns. Cases, 258. And since the motion has taken the place of the *audita querela* altogether, it would seem that the same mode of trial ought still to prevail; and such we find to be the practice.

APPELLEE'S BRIEF, SMITH, KNIGHT & WAGNER, ATTORNEYS.

The motion to satisfy a judgment has not superseded the writ of *audita querela*. It is rather a concurrent remedy.

Lovejoy v. Weber, 10 Mass. 101; Emery v. Patton, 9 Phila. 125; Williams v. Roberts, 8 Hare, 315.

But there must of necessity be some facts considered on such a motion. And since the motion and a writ of *audita querela* attain the same end in the same court, the facts which would sustain the one would, as a matter of course, sustain the other.

What facts, then, can be inquired into under a writ of *audita querela?* It is not, as is claimed by appellants, an equitable remedy, but " it is a well known writ of the ancient common law." People v. Barnett, 91 Ill. 429. " It is a common law writ issuing out of a common law court. \* \* \* There is no such process in chancery, nor is there any need for such." Garfield v. University, 10 Vt. 536.

But only such facts can be considered under a writ of *audita querela* as are " good matters of discharge, which have happened since the judgment, \* \* \* or where the defendant had good matter to plead, but has had no opportunity of pleading it. Blackstone's Com. 3d Book, p. 405; Freeman on Judgments, Sec. 95; Lovejoy v. Webber, 10 Mass. 103.

Therefore, all those things which happened before judgment, and which were known to both parties, and which they had ample opportunity to plead, can not be inquired into either by the writ of *audita querela* or by a motion for satisfaction.

Where two separate judgments are recovered on the same demand, but against different defendants, and the plaintiff accepts satisfaction from one, so far as the plaintiff is concerned, he must satisfy both. Freeman on Judgments, 467; First Nat'l Bank v. Indianapolis, 45 Ind. 5; Sherman v. Bret, 7 Wis. 139; Craft v. Merrill, 14 N. Y. 456; Cox v. Smith, 10 Or. 418; Bronson's Appeal, 101 Pa. Stat. 466.

There is but one demand on this note, although the liability of the principal debtor and the guarantor are different. The creditor may have two judgments, but he can have but one satisfaction. They are in a measure joint judgment debtors, and a satisfaction of the debt by one satisfies as to

the other. Russell v. Hugunin, 1 Scam. 562; Morris v. Thomas, 17 Ill. 114.

Opinion of the Court, Gary, P. J.

Taking the view of the facts most favorable to the appellants, they had a note for $1,221.47, made by Jose Stern, and guaranteed by the appellee.

Appellants commenced against Jose one suit, and Daniel another.

They put unjust defenses in each suit to the extent of $300, and rather than incur the delay and risk of solvency, the appellants took judgment in each case for $921.47.

Jose has paid the judgment against him, and the appellee applied to the court to have satisfaction entered upon the judgment against him.

The court ordered it, and the appellants say that upon such an application, the court ought to inquire whether equitably the appellants were not entitled to a larger judgment, and on finding that they were, require the payment of the excess before entering satisfaction.

That the appellants having judgments against both the maker and guarantor of a note, would be liable in some form of action for damages if they caused a levy upon the property of the guarantor after the judgment against the maker had been paid, must be conceded. Cooley on Torts 2d Ed., 220.

No use can with impunity be made of the judgment. Why then should the court be required to go behind the voluntary act of the party and inquire whether for some real or supposed advantage, he had not forborne to enforce his rights?

Inadvertently the court did not require the appellee to pay the costs in the suit against him, before entering satisfaction. For that error the order entering satisfaction is reversed and the cause remanded, with directions to require those costs to be paid as a condition precedent to the order.