### Jonathan P. Primley et al. v. Elbert W. Shirk.

1. USURY—*Sales of Property.*—On a sale of property the parties may
make such a bargain as they can agree upon, and there can be no usury
charged simply because the price is fixed at one sum if paid at one time,
and at another sum if paid at another.

2. SAME—*Discounts.*—Discounts at a rate greater than legal interest,
for payments before the credit expires, are constantly allowed in com-
mercial transactions with no thought of usury.

3. DECREES—*Where Not Prejudicial, etc.*—A party can not object to a
decree which is not prejudicial to him.

**Foreclosure of Trust Deed.**—Error to the Superior Court of Cook
County; the Hon. THEODORE BRENTANO, Judge, presiding.   Heard in
this court at the October term, 1895.   Affirmed.   Opinion filed October
17, 1895.

Defrees, Brace & Ritter, attorneys for plaintiffs in error.

Ullmann & Hacker, attorneys for defandant in error.

Mr. Presiding Justice Gary delivered the opinion of the Court.

This was a bill filed by the defendant in error to foreclose a trust deed in the nature of a mortgage made by Ira Holmes and Charles W. Rigdon to Frederic Ullmann to secure the payment of a note for $290,000, payable on or before November 9, 1893, with seven per cent interest. The plaintiff in error is a subsequent incumbrancer.

The defendant in error had been the owner of the land conveyed by the deed of trust—had made a contract to sell it; litigation had grown out of the contract, and an appeal by the defendant in error was pending in the Supreme Court to which Holmes and Rigdon were adverse parties. The defendant in error on the one side, and Holmes and Rigdon on the other, came to a settlement. That among the terms of that settlement was a termination of that litigation, is no doubt true; but whether by dismissing the bill, or the appeal, or how otherwise, does not very clearly appear; even if it was ever—which is improbable—clearly agreed upon.

But it does appear that though the appeal stands in the Supreme Court, it is suffered to sleep by all parties. No one has attempted to do anything in it, nor refused any request by anybody else to have it put out of the way.

We regard the fact that there has been no formal disposition of that appeal as cutting no figure in this case.

The defendant in error conveyed the land in pursuance of that settlement to Holmes and Rigdon, and they made the note to him, and the deed of trust to Ullmann, so that on the face of the transaction the deed of trust is, in effect, a purchase money mortgage. It was not given to secure a pre-existing indebtedness.

Concurrent with the deed of trust was an agreement be-

tween the defendant in error on one side and Holmes and Rigdon on the other, that upon a certain contingency the defendant in error should advance $15,000; but if the contingency did not happen, then the $15,000 was to be credited upon the note, as of the date of the payment of the note. Queer as may seem the provision that the credit should be of the date of the payment of the note, that is the bargain of the parties.

On a sale of property the parties may make such a bargain as they can agree upon, and there can be no usury charged simply because the price is fixed at one sum if paid at one time, and at another sum if paid at another.

Discounts, at a rate greater than legal interest, for payment before the credit expires, are constantly allowed in commercial transactions with no thought of usury.

Now, here the note has never been paid; the time at which the credit was to be made has never arrived; nevertheless, the defendant in error has not included the $15,000 in the decree he has obtained. The only complaint of the plaintiff in error that touches the equity of the case is that the decree is too large by about ten per cent of the $15,000, which the defendant in error did not include, but might have included in it.

Again, the deed of trust provided for an attorney's fee of five per cent in case of foreclosure, which would have amounted to about fourteen thousand dollars. By some arrangement, details of which are not shown, but five thousand was allowed.

The decree does the plaintiff in error no injustice. And besides, the sale by the master was for a less sum than the decree; for a less sum than the decree should have been on the theory of plaintiff in error.

He might have redeemed from the sale for less money than he could have done from such a decree. The decree is affirmed.