## JONATHAN P. PRIMLEY

*v.*

## ELBERT W. SHIRK.

*Filed at Ottawa November 9, 1896.*

1. `INTEREST—*when owner may claim interest on money set apart and held.* One who agrees to advance money to perfect title to an alley-way adjoining property to be conveyed, in consideration of which a note and mortgage for the amount are given, is entitled to interest on the sum agreed to be advanced although he does not advance it, where the contract contemplated he should hold it in readiness, and he did so and was thereby deprived of its use.

2. APPEALS AND ERRORS—*decree not reversed for a trifling error in amount.* That a decree foreclosing a mortgage is excessive to the amount of one day's interest is not cause for reversal as to a subsequent incumbrancer, where the value of the entire property is insufficient to pay the sum actually due and there is a deficiency decree, especially where the parties against whom the decree was entered make no complaint.

3. SAME—*when allowance of interest on attorney's fee is not error.* The allowance of interest on an attorney's fee allowed on foreclosure of a mortgage under a provision therein is not cause for reversal as to a subsequent incumbrancer, where the fee stipulated is less than half that provided for by the mortgage, and the property fails to bring the amount actually due by a sum considerably in excess of the interest allowed.

*Primley* v. *Shirk*, 60 Ill. App. 312, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

DEFREES, BRACE & RITTER, for plaintiff in error.

ULLMAN & HACKER, for defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a bill filed by the defendant in error, Elbert W. Shirk, in the Superior Court of Cook county, to fore-close a trust deed in the nature of a mortgage, made by Ira Holmes and Charles W. Rigdon to Frederick Ullmann, to secure the payment of a note for $290,000, payable one year after its date, with interest thereon at the rate of seven per cent per annum. The decree was in accord-ance with the prayer of the bill. Plaintiff in error, who is a subsequent incumbrancer, took the cause to the Ap-pellate Court, where the decree below was affirmed. To reverse said judgment of affirmance this writ of error was sued out.

Shirk had been the owner of the premises described in the trust deed. These premises Holmes and Rigdon desired to purchase. Accordingly it was agreed between them that Shirk should convey the property to Holmes and Rigdon in consideration of the sum of $275,000, and it was further agreed that Shirk should advance the sum of $15,000 for the purpose of perfecting the title to an alley-way adjoining the property. In pursuance of this agreement Shirk conveyed said property to Holmes and Rigdon, and they executed to him, in payment therefor, their promissory note for $290,000, secured by the trust deed above mentioned. After the maturity of the note, no part of the principal and only a portion of the interest having been paid, this suit was brought to foreclose the lien of the trust deed.

Prior to the transaction above set forth, Holmes and Rigdon had obtained, in the Superior Court of Cook county, a decree against Shirk in a suit in regard to this same property, from which the latter had appealed to this court. That appeal was still pending at the time of the execution of the note and trust deed, and it was a part of the agreement between the parties that Shirk

should dismiss it. This he has never done, and the appeal is still undisposed of. Plaintiff in error contends that there is, consequently, a partial failure of the consideration for the note, for which an allowance ought to have been made in the decree. This position cannot be sustained. That question was merely one, as between the parties to the appeal, as to who should pay the costs thereof, and one in which plaintiff in error is not at all concerned, for dismissing or failing to dismiss the appeal could in no way affect his rights.

The $15,000 for the purchase of the alley-way was not advanced by Shirk at the time of the execution of the note, although the note included that sum. The agreement in relation thereto was, that if, at any time prior to the maturity of the note, a good and perfect title to the alley in question could be procured by the payment to the owners thereof of a sum not exceeding $15,000, Shirk would advance and pay that amount; but should no money be advanced for that purpose, then $15,000 should be credited upon the note as of the date of payment thereof, and should he advance less than said amount for that purpose, then the difference between $15,000 and the sum so advanced should be so credited on the note. Shirk did not advance this $15,000 or any part thereof, because he was never called upon to do so. The decree credits said sum upon the note, but charges interest on the full amount of the note up to the date of the entry of the decree. Charging interest on this $15,000, it is insisted, was error, for the reason, it is said, that Shirk had the use of said money during the entire period for which interest is charged. The express contract was that interest should be paid on the entire sum of $290,000 named in the note, and that the credit should be made "as of the date of payment." The contract evidently contemplated that Shirk should set apart that sum and hold it in readiness to be used for the purpose indicated. Evidence to prove that he did this was offered, but excluded by the court.

The presumption therefore is that the $15,000 was so held in readiness. Shirk, then, did not have the use of the money, and he was consequently entitled to interest upon it.

It is next claimed that the decree is for one day's interest too much. This is true, and the decree accordingly excessive to the amount of $56.03; but inasmuch as the value of the entire property was insufficient to pay the sum actually due defendant in error, and there was a deficiency decree for over $1600, plaintiff in error was not injured by the error in that regard, and it should therefore not work a reversal of the decree,—and especially should it not since the parties against whom the decree was entered have made and are making no complaint.

The deed of trust provided for an attorney's fee, in the event of foreclosure, of five per cent of the amount due. This would have amounted to some $14,000. There was considerable controversy in the trial court as to this fee. Finally, by stipulation of parties it was agreed that an attorney's fee of $5000 should be allowed defendant in error. Thereupon, that sum was added to the amount due on the note and included as a part of the decree. Interest was charged on the amount found due, including this $5000, from the date of the decree. It is claimed that it was error to allow interest on the attorney's fee. However that may be, plaintiff in error is not in a position to make the objection, for the decree in that regard does him no injustice. The fee agreed upon, including the interest charged, was less than one-half the amount of the attorney's fee provided for in the trust deed, to which plaintiff in error's second lien was expressly made subject. And again, the deficiency decree far more than covers the excess in interest previously referred to, together with the interest on this $5000 from the date of the decree to the date of sale.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*