## Benjamin L. Cook et al. v. Illinois Trust and Savings Bank.

1. INTEREST—*Will be Allowed on Coupons Given for Interest.*— Where a note is given for a principal sum, and also coupon notes for the interest thereon, such coupons will draw interest after their maturity.

2. APPEALS AND ERRORS — *A Party can not Complain of Errors that do not Affect Him.*—An appellant can only complain of errors that affect his own right, and not such as affect only the rights of others who do not complain.

3. ATTORNEY'S FEES—*Provided for by Contract.*—A party to a contract can not complain of the allowance of attorney's fees which are provided for by the contract.

Bill for Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 1, 1897.

WILLIAM M. JONES and W. IRVING CULVER, attorneys for appellants.

JAMES C. HUTCHINS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This appeal is by Benjamin L. Cook and his two adult daughters, from a decree rendered against them and a minor son and daughter, of foreclosure of a mortgage made by Will H. Moore, to secure indebtedness of Moore to the bank, and which indebtedness the deceased wife of Benjamin L., and mother of the other appellants had, in her lifetime, assumed to pay, upon a purchase by her from Moore of the premises covered by the mortgage.

The first point urged is, that the bill is multifarious, but without any showing why it is so. We suppose the fact that a release had been, by mistake, executed and recorded, and the bill for a foreclosure in common form, also sought to have the release set aside, is the ground of the objection, which, without further notice, we disregard.

Then it is said that interest was compounded. What would be the right amount of interest, we are not informed, and will not for ourselves make the calculation.

We suppose the only compounding was in calculating interest upon over-due interest coupons, which is not wrong. Harper v. Ely, 70 Ill. 581.

There was a mortgage to secure indebtedness from Mrs. Cook to Moore, and upon a cross-bill in this suit, a decree of foreclosure on that mortgage, and complaint is made of a feature of that decree.

That decree is not appealed from, and we have nothing to do with it.

Solicitor's fees to the appellee are less than three-fourths of the amount which the mortgage made by Moore would justify, and the appellants can not complain. Primley v. Shirk, 60 Ill. App. 312; 163 Ill. 389.

Whether there were any irregularities as to the infants, we do not inquire. The appellants can not assign error on that which does not concern themselves. Boyle v. Boyle, 158 Ill. 228.

The decree is affirmed.