## Henry Simon, Appellee, v. South End Cleaners & Dyers, Inc., Appellant.

### Gen. No. 31,882.

1. USURY—*right of corporation to pay any rate of interest.* A corporation cannot refuse payment of a loan on the ground that certain agreements of the contract for the loan constitute usury, in view of Cahill's St. ch. 32, ¶ 6, providing a corporation may borrow money at any rate, and chapter 74, paragraphs 4, 5, 6, providing that parties may agree on, pay and take any interest on money loaned to a corporation.

2. USURY—*when contract for loan and for work at less than market price not usurious.* A contract which provided for a loan at interest and also for work to be done by the borrower at less than the market price was of two-fold nature and not usurious in view of there being no showing of fraud.

3. USURY—*when question cannot be raised.* It is too late to raise the question of usury after a loan has been paid and the chattel mortgage securing it has expired or been released.

4. EVIDENCE—*inadmissibility of market price to vary contract price.* Evidence was rightly refused as to the market price of work being greater than that fixed by a contract between entirely competent parties.

5. USURY—*degree of proof requisite.* Usury must be definitely proven to be availed of as a defense.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927.

MAX M. & SAMUEL GROSSMAN, for appellant.

E. M. VOTAW, R. C. BAUMGARTNER and HARRIS F. WILLIAMS, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Plaintiff, bringing suit to recover liquidated damages for a breach of a written contract, had judgment for $500 upon an instructed verdict.   Defendant appeals.

The breach of the contract is conceded by defendant, and the contract provided that in this event it should pay the sum of $500 as liquidated damages.   The defense is that the contract was for a loan from plaintiff to defendant at 6 per cent per annum and the defendant was also to perform other conditions, which amounted to an agreement to pay a usurious rate of interest.

Even if the contract was usurious, this would not avail the defendant, an Illinois corporation, for the reason that in this State a corporation may make a valid and binding agreement to pay any rate of interest, even beyond the legal rate.   Subsection 7, section 6 of the statute on Corporations, chapter 32, Cahill's St. ch. 32, ¶ 6, subd. 7, provides that a corporation has the power "To borrow money at such rate of interest as the corporation may determine without regard to or restrictions under any usury law of this State and to mortgage or pledge its property, both real and personal, to secure the payment thereof."   This was the law at the date of the instant contract and still is the law.   In harmony with this the legislature in 1925 amended certain sections of the Interest Act, chapter 74, section 4, Cahill's St. ch. 74.   Paragraph 4 was amended so as to provide "with respect to money loaned to or in any manner due and owing from a corporation, the parties may stipulate or agree upon any rate of interest whatsoever, and take and pay the same."   Section 5, Cahill's St. ch. 74, ¶ 5, provides that no person should receive as interest any greater sum than as prescribed by law "except from a corporation," and the same exception as to a corporation is

found in section 6, Cahill's St. ch 74, ¶ 6. It follows, therefore, that the defendant could make a lawful contract to pay such rate of interest as it might determine. We are not referred to any adjudicated cases, but the language of the statute is clear and unambiguous. Defendant does not attempt to controvert this point.

However, an inspection of the contract leads us to the conclusion that it is not usurious. Both parties conduct dyeing and cleaning establishments in Chicago. Plaintiff desired to turn over his work of this sort to the defendant, and prior to the contract in question had another contract with it, whereby he agreed to lend it certain moneys for a specified rate of interest and defendant agreed to do his dyeing and cleaning work at specified rates. When this contract expired the parties desired to make another similar contract, and in January, 1922, the contract in question was made and signed by both parties. In it Simon, the party of the second part, agreed to lend the defendant $5,000, the principal to be repaid in instalments and the amount remaining unpaid to draw 6 per cent interest. This was secured by a chattel mortgage upon the goods of the defendant. The defendant also agreed to do such work—cleaning, dyeing and finishing—for the plaintiff as would be required, to the extent of $300 worth of work a week, said work to be done at certain specified prices which are detailed in the contract. There was also a provision that when bills were paid the plaintiff, the party of the second part, should be allowed certain discounts, depending upon the amount of his payments. The contract was to run 50 months, viz, until March 20, 1926. There was also the provision that should the party of the first part, the defendant, fail to perform the terms and conditions of the contract it should become liable to pay the plaintiff as liquidated damages the sum of $500. In September, 1924, the ownership of the defendant changed and the new owners refused to carry out the contract. The amount of the loan with interest has been paid in full.

Plaintiff claims that because of the breach he is entitled to recover the amount agreed upon as liquidated damages.

The theory of the defendant apparently is that the specified prices at which it agreed to do plaintiff's work, with the discounts, are less than the market prices, and therefore this difference represents an additional amount of interest which the defendant contracted to pay. We do not so construe the contract. It is twofold in nature: First, the agreement for the loan of $5,000 at 6 per cent interest, and, second, the agreement for the defendant to do the work for plaintiff at specified rates. Even when the loan was paid, the contract with reference to the work still continued. The agreement with reference to the work was for the benefit of both parties. Simon apparently did not have the equipment for this work and the defendant was satisfied to secure his business. A contract somewhat similar in nature was considered in *Norwood & Co. v. Faulkner,* 22 S. C. 367, where the court said that the object of the contract was not merely to secure the return of money advanced, but also to promote their business, and that plaintiffs very naturally endeavored to take all lawful means of extending their business. They required not only that the defendant should "secure them the repayment of any advances they might make, with lawful interest thereon, but in order to further their primary object, required the defendant also to ship them cotton, the main staple of their business." Also in *Cockle v. Flack,* 93 U. S. 344, it was held that one might not only loan money at lawful interest rates, but also on such terms as would be advantageous to its business. We see nothing illegal in such an arrangement.

There is no evidence that this was a fraudulent device to cover up usurious interest. The parties worked together under a similar contract for a year and a half before the instant contract was drawn and nearly three years and three months under the present contract.

Objection was for the first time made when new parties bought the controlling interest of the defendant company.

It is a fair inference from the record that the note has been paid and the chattel mortgage securing it has been released or has expired. They are no longer in existence as liens. It has been held that it is too late to raise the question of usurious interest after the loan has been paid and the matter closed. *Mason v. Pierce,* 142 Ill. 331.

There was no error in the refusal by the court to admit evidence as to the market price of work called for by the contract, even if there was a market price. The parties were entirely competent to agree upon the rate of compensation for the work specified, and the market prices were immaterial.

It is a well-established principle that usury to be availed of as a defense must be definitely proven. *Wilson v. Kirby,* 88 Ill. 566; *Mosier v. Norton,* 83 Ill. 519; *Stanley v. Chicago Trust & Savings Bank,* 165 Ill. 295; *Home Building & Loan Ass'n v. McKay,* 217 Ill. 551, and many other cases. Even if the defendant corporation could raise the defense of usury, its proof failed in this respect.

Under the law and the facts the judgment is proper and is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.