MORKIRK, INC., a Corporation, Plaintiff,

v.

WALTER E. HELLER & COMPANY, a Corporation, Chicago, Illinois, Defendant.

Civ. No. 65–15N.

United States District Court
D. South Dakota, N. D.

Sept. 1, 1967.

Gallagher & Battey, Redfield, S. D., for plaintiff.

Agor, Siegel, Barnett & Schutz, Aberdeen, S. D., and Greenberger, Krauss & Jacobs, Chicago, Ill., for defendant.

1. A South Dakota corporation hereinafter referred to as Morkirk.

2. See paragraph IV of Morkirk's amended complaint.

## MEMORANDUM DECISION

BECK, District Judge.

Morkirk, Inc., a corporation,[1] for its theory under its first cause of action, insists that the transactions identified as Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, and O are South Dakota contracts, here to be performed, that they are loans of money, SDC 38.0101 (1939), with interest rates exceeding the legal in this state, SDC 31.0108 (1939), and usurious, SDC 38.0109 (1939), which gave right to forfeitures, SDC 38.0111 (1939). Total involved is $126,560.70, $99,780.00 is designated as principal, $26,780.00 as total time price payments, unpaid balances not disputed, $23,231.40, and the remedy a judgment for $26,-790.00. Alternatively, on its second cause of action for those reasons and on the same theory and because of noncompliance with SDC 6.04A09 (1960 Supp.) and nondesignation of the South Dakota Superintendent of Banks as its resident agent for purpose of service of "all judicial and other process or legal notices, * * *",[2] it seeks a judgment for the same sum, retention of the laundromat equipment and judgment for paid in principal under agreed on computations of $76,548.60.

On the same record with the "STIPULATION OF FACTS" entered into between counsel for the respective parties and their admissions, hereby incorporated into and made a part of this decision, the court finds and concludes: (1) that none of those contracts became binding legal obligations until they were dated and executed by Ald, Inc., a corporation in Chicago, Illinois[3]; (2) that Morkirk and its assignors had authorized those acts; (3) that those contracts were on a time price and equal monthly period payment basis, with a previous choice to the purchasers for payment on that basis or for cash and with explanations as to the price differential

3. Hereinafter referred to as Ald.

between those two payment plans; (4) that all required performance acts specified in the "chronological procedure" part of the "Stipulation of Facts" had been completed before the contracts were dated and executed by Ald in Chicago, leaving performance thereafter under the contracts limited to the assignments from Ald to Walter E. Heller and Company, a corporation, Chicago, Illinois,[4] and to the payment part of those contracts; and (5) that those payments under procedure adopted as between Heller and Morkirk and its assignors were to be made and in fact were made at the Chicago Heller headquarter offices in Illinois. See "chronological procedure" (s).

■ On the construction or interpretation of contracts such as these, it is the established rule in this state, that they are *"to be interpreted according to the law and usage of the place where"* they are *"to be performed or, if"* they do *"not indicate a place of performance, according to the law and usage of the place where"* they are *"made"*, (emphasis supplied) SDC 10.0106 (1939), Briggs v. United Services Life Ins. Co., 80 S.D. 26, 117 N.W.2d 804 (1962), Westun v. Lincoln Nat. Life Ins. Co., 12 F.2d 422, (8 Cir. 1926), Dawson v. Fidelity and Deposit Company of Maryland, 189 F.Supp. 854 (S.D. 1961), and Minnesota Amusement Company v. Larkin, 299 F.2d 142 (8 Cir. 1962).

■ That section, aside from comity rules between the states and the settled law in Illinois, that such contracts are sales, not loans SDC 38.0101 (1939), and not usurious but transactions held valid in that state, Eames v. Hardin, 111 Ill. 634 (1889), Primley v. Shirk, 60 Ill.App. 312 (1895), aff'd 163 Ill. 389, 45 N.E. 247 (1896), In re Oakes, 267 F.2d 516 (C.A. 7 Ill. 1959) and the Annotations, 14 A.L.R.3d 1065, it is for this court, the forum, not to disturb but to uphold such established rights without any other choice, as these contracts in this case are challenged and under counterclaims sought to be enforced, Merchants' & Manufacturers Securities Co. v. Johnson, 69 F.2d 940 (8 Cir. 1934), cert. den. 293 U.S. 569, 55 S.Ct. 80, 79 L.Ed. 668, Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123, Big Four Mills v. Commercial Credit Co., 307 Ky. 612, 211 S.W.2d 831 (1948), Blackford v. Commercial Credit Corporation, 263 F.2d 97 (5 Cir. 1959), cert. den. 361 U.S. 825, 80 S.Ct. 74, 4 L.Ed.2d 69, Consolidated Jewelers, Inc. v. Standard Financial Corporation, 325 F.2d 31, (6 Cir. 1963), and Clarkson v. Finance Company of America at Baltimore, 328 F.2d 404 (4 Cir. 1964). Other overall authority is in the Annotation, 125 A.L.R. at 482.

Other tangible and uncontroverted facts and realistic inferences supporting the validity of these contracts are in the transactions preceding final closings, as they touched on and settled laundromat sites, feasibility of such operations, purchaser credit, procedure on how to close, how to finance, how to pay, and how a purchaser on a time price payment basis could have opportunity to succeed. This, as the court finds and concludes, was not a background for a scheme to circumvent the usury laws of any state, on the contrary a business pattern giving rise to business opportunities which otherwise did not exist. See Annotation, 14 A.L.R. 3d, Sec. 12 at 1126.

Other contentions made by counsel for the respective parties, in view of these conclusions, are deemed not material and this decision is to serve as the court's findings of facts and conclusions of law.

Heller, accordingly, is hereby granted and awarded the relief sought in its counterclaim, with attorney fees fixed at $500 and costs to be taxed by the clerk.

Counsel for the defendant will prepare and submit the judgment carrying these directions into full force and effect.

---

4. Hereinafter referred to as Heller.