JONES & BROWN, INC., Plaintiff-Appellee, *v.* W. E. ERICKSON CONSTRUCTION COMPANY *et al.*, Defendants-Appellants.

Second District No. 78-468

Opinion filed July 2, 1979.—Rehearing denied August 3, 1979.

Edward T. Graham, of Glen Ellyn, for appellants.

Louis M. Rundio, Jr., of McDermott, Will & Emery, of Chicago, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Jones & Brown, Inc., brought suit upon a promissory note in the amount of $48,277.20 plus interest, against defendants, W. E. Erickson Construction Company (corporate defendant) and Wilbert E. Erickson (Erickson). Erickson filed a counterclaim contending that the interest on the note was usurious. Following a hearing, the trial court entered an order finding in favor of plaintiff on its amended complaint against both defendants; liability on the note was joint and several. Further the trial court found in Erickson's favor on the usury counterclaim, and that as a result Erickson was entitled to a setoff of $25,351.86. The trial court therefore ordered a judgment against the corporate defendant in the amount of $59,443.13 and a judgment against Erickson in the amount of $34,091.27.

Plaintiff then caused garnishment summonses to be issued against Metropolitan Bank of Addison based on the judgment against Erickson and against Elmhurst National Bank based on the judgment against the corporate defendant. Erickson paid plaintiff $34,091.27, the remainder of the judgment against him, and a satisfaction of that judgment was filed.

Subsequently, defendants filed a motion to quash the garnishment proceedings, contending that the payment of the judgment against Erickson constituted full satisfaction of the debt created by the promissory note. The parties submitted an agreed statement of facts and memorandums of law. The trial court then denied the motion to quash, and judgment was entered in the garnishment proceedings against Elmhurst National Bank in the amount of $25,748.15, being the amount due on the $59,443.13 judgment against the corporate defendant.

Both parties are in agreement that payment of the judgment against Erickson acted as a *pro tanto* discharge of the judgment against the corporate defendant, therefore reducing the judgment against the corporate defendant from $59,443.13 to $25,748.15. However, on appeal defendants contend that Erickson's satisfaction of the judgment against him constitutes satisfaction of the whole judgment, thus relieving the corporate defendant from any further liability on the judgment.

In *Moore v. Rogers* (1857), 19 Ill. 412, our supreme court, in

discussing the concept of joint and several liability, stated as follows at page 414:

> "Where the promise of several is joint, and not joint and several, * * * a judgment against one or more of several joint obligors or promissors, is a bar to another action upon the same contract against the same or other parties, for the contract is merged in the judgment and can no longer be made the subject of an action. [Citations.]
>
> Where, however, the promise of several is both joint and several, the contract, in legal effect, is double, that is, equivalent to independent contracts, founded upon one consideration, for performance severally, and also for performance jointly, and distinct remedies upon the same instrument, treating it as a joint contract and as a several contract, may be pursued until satisfaction is *fully* obtained. [Citations.]" (Emphasis ours.)

Defendants argue that where separate judgments are recovered on the same demand against different defendants, satisfaction of one is satisfaction of all, relying on *Frankel v. Stern* (1892), 50 Ill. App. 54, and *Silberman v. Becklenberg* (1935), 279 Ill. App. 250. However, in *Frankel*, the *full* amount of the judgment was paid by one of the defendants, and in *Silberman*, the opinion does not indicate in any way that anything less than the full amount of the judgment acts as a satisfaction of the whole amount of the judgment. Neither case discusses the implications of joint and several liability.

■■ Further, the defense of usury is a personal one and not available to a corporate defendant. (See *Vernon v. Hardt* (1969), 107 Ill. App. 2d 480, 246 N.E.2d 461.) Therefore, to allow the setoff granted to Erickson to work as a satisfaction of the judgment against the corporate defendant would in effect be allowing the corporate defendant to take advantage of a personal defense not properly available to it.

■■ Plaintiff advances the theory on appeal that the action to quash the garnishment summonses constituted an impermissible collateral attack on the trial court's judgment order. However, in view of our disposition of the case, we need not consider that issue.

We hold that as the obligation of the defendants was joint and several and as the defense of usury is not available to the corporate defendant, the satisfaction of the judgment against Erickson does not extinguish the balance of the judgment owed by the corporate defendant.

Therefore, we affirm the order of the trial court.

Judgment affirmed.

RECHENMACHER and LINDBERG, JJ., concur.