COMPUTER SALES CORPORATION, Plaintiff-Appellant, v. ROUSONE-LOS FARMS, INC., Defendant-Appellee.

First District (3rd Division)   No. 1—87—3162

Opinion filed November 1, 1989.

John C. Vojta, of Schaumburg (Robert P. Sheridan, of counsel), for appellant.

Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., of Chicago (Steven A. Kanner and Wendy B. Kahn, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

In an action for breach of contract, the jury found in favor of plaintiff, Computer Sales Corporation, and against defendant, Rousonelos Farms, Incorporated, and awarded plaintiff damages of $81,776.14. The jury did not apportion the damage award in any way. However, plaintiff's president testified that defendant owed plaintiff $26,845 for the computer equipment that plaintiff sold to defendant under the contract and $30,201 in interest as provided by the contract. It is assumed that the remainder of the damage award represented attorney fees and costs incurred by plaintiff in prosecuting the action for breach of contract.

Defendant filed a post-trial motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court denied the post-trial motion. However, the trial court found that plaintiff could not recover interest at a rate higher than 9% per annum and ordered a remittitur of $15,100.50 from the interest awarded to plaintiff by the jury. The court also found that "it would be inequitable to combine the *quantum meruit* agreement for fees which plaintiff had with its first set of attorneys in addition to the 1/3 contingent fee agreement which plaintiff had with its second set of attorneys." The court, therefore, ordered a remittitur of $9,550 from the amount awarded to plaintiff by the jury for attorney fees incurred in prosecuting the lawsuit.

Plaintiff has appealed the order of the trial court that he file a remittitur from the interest and attorney fees awards. Defendant has cross-appealed, contending that the award of attorney fees should be reversed in its entirety. We reverse the order of the trial court insofar as it requires plaintiff to file a remittitur from the interest and attorney fees awards.

INTEREST AWARD

The contract for the sale of the computer equipment provides in part:

"If Customer fails to pay any charges when due and payable, Customer agrees that Computer Sales will have the right to invoice and Customer will pay a late payment charge of 1-½ percent per month, but not in excess of the lawful maximum, on the past due balance."

The interest awarded to plaintiff was calculated at the rate of 1½% per annum on the amount due and owing from the defendant under the contract.

■ Defendant maintains that section 4 of the Interest Act (Ill. Rev. Stat. 1985, ch. 17, par. 6404) (hereinafter the usury statute) limits the interest that may be awarded to plaintiff under the contract. We disagree. The usury statute provides in relevant part:

"General Interest Rate. (1) In all written contracts it shall be lawful for the parties to stipulate or agree that 9% per annum, or any less sum of interest, shall be taken and paid upon every $100 of money loaned or in any manner due and owing from *any person to any other person or corporation* in this state, and after that rate for a greater or less sum, or for a longer or shorter time, except as herein provided.

\* \* \*

\*\*\* It is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to the following transactions:

(a) Any loan made to a corporation." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 17, par. 6404.)

Defendant is a corporation. As such, the usury statute does not limit the interest that defendant may contract to pay on a transaction. The usury statute applies only to "money loaned or in any manner due and owing from *any person* to any other person or corporation." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 17, par. 6404.) We also note that, pursuant to subsection (a) of section 4, loans made to corporations are exempt from the limitation on interest. See *Northwest Federal Savings & Loan Association v. Weisberg* (1981), 97 Ill. App. 3d 470, 422 N.E.2d 1101 (it is lawful to charge any rate of interest with respect to loans to corporations); *Jones & Brown, Inc. v. W.E. Erickson Construction Co.* (1979), 73 Ill. App. 3d 481, 391 N.E.2d 1097 (the defense of usury is not available to a corporate defendant); *Verson v. Hardt* (1969), 107 Ill. App. 2d 480, 246 N.E.2d 461; *Simon v. South End Cleaners & Dyers, Inc.* (1927), 246 Ill. App. 14.

■ Defendant maintains that the contract at issue involves the sale of computer equipment rather than a loan, and, therefore, is not exempt from the limitation on interest pursuant to subsection (a) of

the usury statute. As stated above, the general provision of the usury statute does not apply to transactions involving corporations. Thus, it matters little whether the transaction at issue is or is not exempt from the general limitation on interest. Furthermore, it is well settled that the usury statute applies only to those contracts which in substance involve a loan of money or forbearance to collect money due (*Clemens v. Crane* (1908), 234 Ill. 215, 229-30, 84 N.E. 884), and there can be no usury where there is no loan or forbearance. (*First National Bank v. Larkins* (1983), 111 Ill. App. 3d 953, 955, 444 N.E.2d 818.) A *bona fide* sale is not a loan or forbearance of money and is not subject to the usury statute. (*Contract Buyers League v. F & F Investment* (N.D. Ill. 1969) 300 F. Supp. 210, *aff'd sub nom. Baker v. F & F Investment* (7th Cir. 1970), 420 F.2d 1191, *cert. denied* (1970), 400 U.S. 821, 27 L. Ed. 2d 49, 91 S. Ct. 40 (it has always been the understanding of the courts that the Illinois usury statute relates to loans as distinct from purchase and sale); *First National Bank v. Larkins*, 111 Ill. App. 3d at 955; *Johnson v. Sears Roebuck & Co.* (1973), 14 Ill. App. 3d 838, 850, 303 N.E.2d 627; *Primley v. Shirk* (1895), 60 Ill. App. 312, 314, *aff'd* (1896), 163 Ill. 389 (on a sale of property the parties may make such a bargain as they can agree upon).) Thus, if the transaction involves a sale rather than a loan, it is not subject to the limitation on interest. The parties to the contract could agree that defendant would pay interest at a rate higher than the maximum rate provided in the usury statute.

■ We conclude that the contract between the parties is not subject to the usury statute. Defendant contracted to pay interest at the rate of 1½% per month, and plaintiff was entitled to interest as provided by the contract.

ATTORNEY FEES

Plaintiff hired the law firm of Reif & Rosenbaum to prosecute its claim for breach of contract against defendant. Reif & Rosenbaum filed a complaint on behalf of plaintiff on October 16, 1981. The law firm continued its representation of plaintiff until June 4, 1984, when the law offices of Paul W. Casbarian, Ltd., filed an appearance as attorney for plaintiff. Casbarian represented plaintiff until the conclusion of the trial proceedings.

At trial, Burton Reif of Reif & Rosenbaum testified that plaintiff was billed on an hourly basis for work performed by the law firm. Mr. Reif further testified that the law firm spent 57.6 hours in connection with the litigation and that plaintiff owed the law firm

$4,825.69 in fees and costs. Also at trial, plaintiff submitted an invoice indicating the total time spent on the litigation by Casbarian, and testified that it had agreed to pay Casbarian one-third of any amount that it recovered through the litigation. The jury awarded plaintiff $24,730.14 for its attorney fees.[1]

The contract for the computer equipment provides that defendant "shall pay [plaintiff] all costs and expenses, including reasonable attorney's fees, incurred by" plaintiff in pursuing remedies at law for defendant's breach of the contract. Thus, defendant was obligated to reimburse plaintiff for the attorney fees that plaintiff incurred for the work performed by Casbarian and Reif & Rosenbaum to the extent that the fees were reasonable.

■ In its post-trial motion for judgment notwithstanding the verdict or for new trial, defendant argued that the jury should not have awarded plaintiff attorney fees because the evidence at trial was insufficient to show that the fees were reasonable. The trial court reduced the attorney fees award by $9,550.[2] However, the trial court did not reduce the fees because of the insufficiency of the evidence. Rather, the court held that it would be inequitable to require defendant to reimburse plaintiff for the attorney fees that plaintiff was obligated to pay under the contingent fee contract with Casbarian as well as for the fees that plaintiff was obligated to pay the law firm of Reif & Rosenbaum. We believe that the trial court erred in reducing the fees.

Plaintiff was represented by the law firm of Reif & Rosenbaum during the first three years of this litigation and by the law offices of Paul W. Casbarian during the next three years of litigation. Thus, plaintiff became obligated to pay attorney fees to two sets of attorneys. Pursuant to their contract, defendant was obligated to pay reasonable attorney fees incurred by plaintiff in this litigation. We do not believe that it was inherently unreasonable for plaintiff to change its attorneys during the litigation. Nor do we believe that it is inequitable to require defendant to pay attorney fees incurred by plaintiff pursuant to the contingent fee contract and the hourly fee agreement. We note that this litigation commenced in 1981, and judging by the pleadings, involved a great amount of work. Had plaintiff re-

[1]The trial court apparently believed that the jury had awarded $23,531.84 to plaintiff for its attorney fees. However, given the jury verdict of $81,776.14, and the testimony that defendant owed plaintiff $26,845 under the contract and $30,201 in interest, we must assume that the actual award for attorney fees was $24,730.14.

[2]It is hard to determine why the trial court reduced the award by $9,550 since the reduction does not correspond to the fees that plaintiff owed Reif & Rosenbaum.

tained Reif & Rosenbaum during the entire litigation, the attorney fees, calculated on an hourly basis, could well have exceeded the fees incurred by plaintiff.

We also believe that the trial court's holding unduly restricts plaintiff's right to be represented by an attorney of its choice. We do not know the reason for the substitution of attorneys in this case. However, we believe that a party to litigation should be able to discharge one attorney and substitute another if the party is not satisfied with the legal representation provided. In the present case, to hold that plaintiff cannot recover all attorney fees that it incurred simply because plaintiff used two sets of attorneys is to say that plaintiff should have retained its first set of attorneys no matter what developments occurred in plaintiff's relationship with the attorneys.

We are of the opinion that plaintiff is entitled to legal representation of its choice and to reimbursement from defendant of the reasonable attorney fees that plaintiff incurred. Accordingly, we find that the trial court erred in reducing the attorney fees awarded plaintiff.

Defendant maintains that the reduction in the attorney fees was proper because the evidence at trial was insufficient to show that the fees were reasonable. As a general rule, a judgment may be sustained by any argument and on any basis appearing in the record which demonstrates that the judgment is correct. (*Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 451-52, 334 N.E.2d 246.) However, in the present case, the record does not contain a copy of the transcript of the trial. Thus, we cannot determine whether the evidence at trial was insufficient to show the reasonableness of the attorney fees.

CROSS-APPEAL

In its cross-appeal, defendant asserts that the attorney fees award should be stricken entirely because of the insufficiency of the evidence. As noted above, the record does not contain a copy of the transcript of the trial. It is established that on appeal, the party claiming error has the burden of establishing any irregularities, and one who seeks to reverse a decree carries the burden of showing that it is erroneous. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241, 242 N.E.2d 237.) If the error assigned presents questions of the sufficiency of the evidence to support the verdict and judgment, then all the evidence must be preserved in the record, or it will be presumed that it was sufficient. (*Flynn v. Vancil*, 41 Ill. 2d at 241; *Ladenheim*

*v. McCormick* (1978), 66 Ill. App. 3d 188, 192, 383 N.E.2d 751; *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907, 342 N.E.2d 748.) In the present case, we cannot review the reasonableness of the attorney fees absent a record of the testimony presented at trial.

■ Defendant maintains that the post-trial memoranda it filed in the trial court contain extensive citations to the transcript of the trial proceedings and are an appropriate substitute for the transcript. We have reviewed the post-trial memoranda, and we are not satisfied that they contain enough evidence to permit a review of the reasonableness of the attorney fees. For example, defendant argues that the fees for time spent by Reif & Rosenbaum between 1981 and 1983 were not shown to be reasonable and should be discounted because plaintiff only introduced evidence of the total hours billed during that period. However, the memoranda do not list the number of hours spent by Reif & Rosenbaum between 1981 and 1983. It would be difficult to reduce the fees award without knowing the number of hours which should be discounted. Moreover, certain statements made in the memoranda and post-trial motion are not altogether clear. Thus, defendant states in its post-trial motion that "no expert testimony was given with regard to the reasonableness of said elements; furthermore, even if such evidence was presented, it was presented over proper objection in clear violation of Illinois Supreme Court Rule 220." We cannot determine from this statement whether an expert actually testified regarding the attorney fees.

We conclude that the post-trial memoranda are not an adequate substitute for the transcript of the trial and that defendant has waived review of the reasonableness of the attorney fees.

■ Lastly, defendant contends that it is not liable for the attorney fees incurred by plaintiff pursuant to the contingent fee agreement because it was never a party to the fee agreement. We find this argument to be without merit. Defendant contracted to reimburse plaintiff for attorney fees that plaintiff incurred in this litigation. Defendant's liability for plaintiff's attorney fees was a term of defendant's contract with plaintiff. It was not necessary that defendant be a party to the agreement between plaintiff and Casbarian. Indeed, common sense tells us that defendant would never have agreed to the fee arrangement between plaintiff and Casbarian. Nor would defendant have agreed to a fee arrangement between plaintiff and any other attorney. To require defendant's consent to agreements between plaintiff and its attorney would be to render the contract provision for attorney fees meaningless.

For the aforementioned reasons, we reverse the order of the trial

court insofar as it requires a remittitur from the interest and attorney fees awarded to plaintiff by the jury.

Reversed.

McNAMARA* and RIZZI, JJ., concur.

---

*Justice McNamara participated in this appeal prior to his assignment to the sixth division.