LOUIS KUCKER, Respondent, v. GATES CONTAINER CORP., Appellant.— Order denying defendant's motion to dismiss the plaintiff's complaint for failure to state a cause of action reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The complaint correctly pleads a cause of action based upon the breach by the defendant of a written contract of employment. However, the plaintiff annexed the contract to his complaint. The contract fails to support the construction placed upon it by the complaint. Where a variance exists between the written contract and the conclusion drawn by the pleader, the writing must prevail over the allegations of the complaint. (*Bogardus* v. *New York Life Ins. Co.*, 101 N. Y. 328; *Kienle* v. *Gretsch Realty Co.*, 133 App. Div. 391.) No facts are alleged to support an action at law upon this contract. It may be that the plaintiff, under appropriate allegations, has a cause of action at law or in equity, but this pleading fails to state sufficient facts to constitute a cause of action. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

JOHN J. S. MEAD, Supervisor of the Town of Lewisboro, and MARTIN T. SILKMAN and Others, as Town Councilmen of the Town of Lewisboro, Together Constituting the Town Board of the Town of Lewisboro, and Another, Appellants, v. LOUIS B. MEAD and Others, Respondents.— Action to restrain defendants from interfering with and trespassing upon plaintiffs' alleged easements. Order, which among other things denied plaintiffs' motion to strike the first and third separate defenses from the answer of defendants Mead, modified on the law so as to provide that the motion be granted as to the third defense to the extent of striking paragraph " Sixteenth " therefrom. As thus modified, the order, in so far as appealed from, is affirmed, without costs. The first defense, and the third defense with the elimination of paragraph " Sixteenth," are sufficient merely as pleaded defenses in view of the failure of the complaint to define the claimed highway area. The " Sixteenth " paragraph consists of evidentiary matter improperly included in an answer. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of HARRY MOR-PURGO, Respondent, v. LE CODY TOASTED PIES, INC., Appellant.— Judgment of a city magistrate, holding a Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of a violation of regulation 27 of section 148 of the Sanitary Code of the City of New York (disposition of foodstuffs unfit for human consumption), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.