Samuel H. Hofstadter, J.
This is a motion to strike out three separate defenses interposed by the amended answer. The complaint alleges that the plaintiff is the executrix of a deceased partner in the firm of Wolz, Aiken & Co. On October 1, 1953, decedent sold his interest in the business to the remaining partners for $45,000. He also assigned his stock in an associated corporation to one of the remaining partners. The partnership continued in business until May, 1954, when it assigned its interest to the defendant corporation which was organized by a committee of creditors. The business was then continued until it was found to be unprofitable and was discontinued.
Pursuant to the contract entered into between the plaintiff’s decedent and the successor partnership $9,000 was paid and there was due and owing $36,000 with interest. Plaintiff claims she is a general creditor of the partnership and the subsidiary corporation and is entitled to share in the distribution of assets now in possession of the defendants. She requests a declaratory judgment, finding that she is a general creditor of the partnership and the associated corporation and is entitled to a proportionate share of the assets assigned to the defendant.
The defendant as separate defenses alleges —
(1) That when the contract to purchase the decedent’s interest was made, the partnership was insolvent, i.e., its liabilities exceeded the fair value of its assets, that he had no interest in the partnership and any agreement made by the succeeding partners was void for want of consideration.
(2) That if decedent had any interest it was sold to the individuals and not to the partnership.
(3) That at the time of the contract the partnership was insolvent, i.e., its liabilities exceeded the fair value of its assets, and if it incurred obligations to the decedent, it was fraudulent as to creditors and void.
Apparently the purpose of the defendant, in pleading the insolvency of the partnership at the time of the agreement for the purchase of the plaintiff’s interest, is to challenge the *42 validity of the agreement as a transfer in fraud of creditors under the Debtor and Creditor Law (§ 271, subd. 2). However, the Debtor and Creditor Law defines insolvency as
“ 1. A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.
“2. In determining whether a partnership is insolvent there shall be added to the partnership property the present fair salable value of the separate assets of each general partner in excess of the amount probably sufficient to meet the claims of his separate creditors ”.
Therefore, neither the first nor the third defense pleads insolvency as so defined. In the absence of such allegation there is no sufficient allegation of a fraudulent transfer. Hence both the first and the third defenses as now pleaded are insufficient. These defenses must accordingly be stricken.
Insofar as the second defense is concerned, the original contract which is annexed to the complaint and made a part thereof, indicates that the agreement was made with the partnership as well as with the individuals. Where a variance exists between the pleadings and any writing or document incorporated therein, the writing or document prevails (Kucker v. Gates Container Corp., 263 App. Div. 1006, affd. 289 N. Y. 664).
Therefore, the motion is in all respects granted, with leave to the defendant to serve an amended answer within 10 days after service of a copy of this order with notice of entry.