Marcus G. Christ, J.
In this omnibus motion addressed to the complaint relief is sought by the defendant Statler Manufacturing Corp. under subdivision 4 of rule 106, subdivision 3 of rule 107, and subdivision 4 of rule 107 of the Buies of Civil Practice.
Briefly stated the complaint alleges: (1) that the plaintiff in 1953 and 1954 purchased 20 food-vending machines from the movant for a total purchase price of $61,800; (2) that $48,000 of the purchase price was paid in cash and the balance of $13,800 in promissory notes; (3) that the machines were defective and payment on the notes was stopped; (4) that the movant instituted an action on the notes and the plaintiff sued for breach of warranty; (5) that negotiations to settle the actions were conducted; (6) that in the course of the negotiations the defendants suggested that plaintiff arrange for the repair of the machines by the defendant Eastern Electric, Inc. (hereinafter called Eastern) in New Bedford, Mass.; (7) that Eastern ‘6 agreed ’ ’ to inspect the machines and provide an estimate of the cost of repair; (8) that Eastern is the only concern in the United States which can make such repairs; (9) that in reliance on the “ agreement ” with Eastern, the plaintiff on January 7, 1955 entered a stipulation settling the action on the notes; (10) that the stipulation provided in part that in the event Eastern Electric, Inc. agreed within one year of the date thereof to the substitution of certain interior mechanical parts of the ‘ ‘ Lunchomat machines” the movant would pay the cost thereof in excess of $150 for each machine; (11) that the machines were shipped to Eastern’s plant in New Bedford but Eastern refused to give an estimate within one year of the stipulation although repeated demands for such estimate were made prior to the expiration date; (12) that the movant caused Eastern to breach its “ agreement ” by threats of litigation and other improper economic pressures; (13) that movant wrongfully and maliciously interfered with plaintiff’s *420 ‘ ‘ arrangement ’ ’ with Eastern for the purpose of destroying plaintiff’s right under the stipulation; (14) that the plaintiff has been damaged by such interference in the sum of $100,000, representing the cost of repairs exceeding the $150 per machine which the plaintiff would have to pay, plus loss of prospective profits.
It is alleged and contended that an agreement to give an estimate was made with Eastern but the terms of the alleged agreement are not pleaded nor is a copy thereof attached. To merely state that an agreement was made without the inclusion of the facts to support such conclusion is insufficient. The plaintiff urges that even if the complaint be defective in failing to plead facts showing a wrongful interference with a contract between it and Eastern, the complaint should be deemed sufficient on the “prima facie tort” theory. As the Appellate Division of the first department recently held (Benton v. Kennedy-Van Saun Mfg. & Eng. Corp., 2 A D 2d 27, 28) it is difficult to sustain one cause of action which pleads ‘ ‘ two different and utterly irreconcilable theories ”. Here, as in the Benton case facts are not alleged to show that the defendants intended to harm the plaintiff as distinguished from harm which indirectly resulted from acts taken by the defendants to increase or maintain their profits. Therefore, the first cause of action is insufficient on either theory advanced by the plaintiff.
On the motion under rule 107 the court is not confined to an examination of the complaint alone. It appears from the papers submitted that in 1956 another action was brought by the movant — this time on the notes given pursuant to the stipulation of January 7, 1955. The defendant, Vendall, Inc. (plaintiff herein) interposed a defense that the stipulation had been obtained by the false representation of the movant that Eastern was willing to do the work on the machines. Vendall, Inc., defaulted on the trial of that action and was denied the right to open its default on the ground that it did not show any merit to its defense. The claim contained in the present complaint should have been interposed in that action, as the amount due for repairs was to be deducted according to the stipulation ‘ ‘ from the last of the series of promissory notes ’ ’. Therefore, as the claim herein could have and should have been interposed in the prior action (determined in favor of the movant and affirmed on appeal, Statler Mfrs. Corp. v. Vendall, Inc., 2 A D 2d 672) the present action is barred by the judgment obtained therein.
In view of the fact that the court considers the present complaint deficient and the claim therein barred by the prior judg *421 ment it is unnecessary to determine the question whether another action by Vendall, Inc., against Statler Manufacturing Corp. which is pending in New York County is for the same cause.
Accordingly, the motion to dismiss the complaint is granted under subdivision 4 of rule 106, and subdivision 4 of rule 107 of the Rules of Civil Practice.
Settle order on notice.