■ TOWN OF MAMARONECK, Appellant, v. FERNDALE CENTER, INC., et al., Respondents.— In an action for injunctive relief, the appeal is from a judgment entered after trial, on the decision of an Official Referee, dismissing the complaint, and from said decision. Respondent Ferndale Center, Inc., is the owner of a shopping center which includes a parking area, and also owns an adjacent parcel. Respondent First National Stores, Inc., is a lessee of space in the shopping center. Respondent Ferndale constructed a driveway on its adjacent parcel leading from a public street to the parking area. Said parcel under appellant's zoning ordinance is in a residential district. Appellant sought to restrain respondents from using the driveway on the ground that it was not a permitted use under the zoning ordinance. The Official Referee, to whom the action had been referred to hear and determine, found that the ordinance was confiscatory not only because it deprived the owner of the use of the property for which it was reasonably adapted, but also because the property had no possibilities for the use to which the ordinance restricted it. Judgment unanimously affirmed, with costs. No opinion. Appeal from decision dismissed, without costs. No appeal lies from a decision. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ VENDALL, INC., Appellant, v. STATLER MANUFACTURING CORP., Respondent, et al., Defendants.— Action to recover damages for interference with contractual relations (1st cause of action) and for breach of contract (2d cause of action). Respondent moved to dismiss the complaint for insufficiency (Rules Civ. Prac., rule 106, subd. 4) and further moved to dismiss the first cause of action as against it on the grounds that another action was pending, and *res judicata* (Rules Civ. Prac., rule 107, subds. 3, 4). The appeal is from an order dismissing the complaint on the grounds of insufficiency and *res judicata*. Since respondent is a party only to the first cause of action, we consider that its motion to dismiss for insufficiency was addressed only to the first cause of action. Order modified by striking therefrom the ordering paragraphs and by substituting therefor the following: "Ordered that the motion of the defendant Statler Manufacturing Corp. be and the same hereby is granted to the extent of dismissing the first cause of action pleaded in the complaint as against it, pursuant to subdivision 4 of Rule 106 of the Rules of Civil Practice, with leave to plaintiff, if so advised, to serve an amended complaint." As so modified, order unanimously affirmed, with $10 costs and disbursements to respondent. The amended complaint is to be served within 10 days after entry of the order hereon. We agree with the Special Term that the conclusory allegation of an agreement between appellant and defendant Eastern Electric, Inc., whereby Eastern Electric agreed to inspect certain machines and to provide appellant with a written estimate of the cost of repairing them, is insufficient as a basis for a cause of action by appellant against respondent

for wrongful interference with contract. Nor does the complaint state a cause of action for illegal interference with negotiations to contract, in the absence of allegations that the negotiations would have culminated in a contract, were it not for such interference (*Union Car Adv. Co.* v. *Collier*, 263 N. Y. 386). The complaint alleges negotiations between appellant and Eastern Electric in order " to repair said machines and put them in good working order ". The stipulation between the parties to this appeal settling the prior action, upon which stipulation appellant relies to establish respondent's obligation to refrain from interference with the negotiations, provides for negotiations " for the substitution of certain interior mechanical parts ". The terms of the stipulation control, rather than the characterization of those terms by the pleader (*Kucker* v. *Gates Container Corp.*, 263 App. Div. 1006, affd. 289 N. Y. 664). Since it appears that these defects in the complaint may be cured in an amended pleading, appellant should have been granted leave to plead over (*Brandman* v. *Bank of Rockville Centre Trust Co.*, 1 A D 2d 787). The learned Special Term erred in holding the complaint insufficient because inconsistent theories were pleaded (*Warren* v. *Putnam*, 263 App. Div. 474). It was likewise error to hold that the first cause of action was barred because it was not pleaded as a counterclaim in the prior action brought by respondent against appellant (*Statter* v. *Statter*, 2 A D 2d 81, revd. on other grounds, 2 N Y 2d 668). We also find that there is no other action pending between the same parties for the same cause. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfield, JJ. [8 Misc 2d 418.]