Marcus G. Christ, J.
This is a motion by the defendants, Terrance McNeil and Norma McNeil, his wife, to open their respective defaults in appearing and pleading in an action brought by the plaintiffs to foreclose two mortgages on real property. The two mortgages under foreclosure are each second mortgages. One of them affects Great Neck property owned by Terrance McNeil and Norma McNeil, his wife, while the other affects premises at Kings Point, owned by Terrance McNeil alone. Both of these second mortgages were given as collateral security for the guarantee by Mr. and Mrs. McNeil of payment of an indebtedness of Can-Mon Construction Corp. in the amount of $12,500 evidenced by a series of 12 promissory notes executed by such corporation.
Following the default of the McNeils in appearing or pleading in this foreclosure action, the matter proceeded to judgment *238 and the mortgaged premises were advertised for sale pursuant to the judgment. Minutes before the scheduled time of the sale, an order Avas obtained requiring the plaintiffs to show cause forthwith Avhy an order .should not be made staying the sale and vacating the judgment. On the return of the order to show cause, the Justice then presiding orally directed that the matter be adjourned to a subsequent date on condition that a bond be posted in the amount of $250, which condition was met. If permitted to vacate the judgment and open their default, the defendants propose to serve an answer which will allege as a first defense that the mortgage transaction was usurious and void and a second defense, in behalf of the defendant Norma McNeil, that she was induced to enter into the transaction by fraud.
In order for the defendants McNeil to succeed upon this application it must be satisfactorily established that the default which has been suffered came about as the result of a mistake, inadvertence, surprise or excusable neglect and that it was not a deliberate and intentional default. In addition, it must be shown that the defendants have a meritorious defense to the action.
With respect to the manner in Avhich the default in appearing or pleading occurred, the court concludes on the facts presented that the default was deliberate and intentional. Following the corporation’s default in paying the third note in the series, the plaintiffs commenced an action to foreclose these two mortgages and both Mr. and Mrs. McNeil were personally served with a summons and notice of object of the action. Shortly thereafter, a firm of attorneys served a notice of appearance in behalf of Mr. and Mrs. McNeil and waived service of all papers and notice of all proceedings in such action except notice of sale and proceedings to obtain surplus moneys. Thereafter the attorney for the plaintiffs ascertained from a foreclosure search that there were two judgments and a warrant of attachment affecting the mortgaged premises and the foreclosure action was discontin ued with the consent of the attorneys who previously filed a notice of appearance and waiver in behalf of the McNeils. The present action was then commenced with the necessary additional defendants added and personal service of the summons in this action Avas made on both Mr. and Mrs. McNeil in September, 1958. In this present action the McNeils neither appeared nor interposed an answer. For over three months the defendants permitted this action to progress toward judgment and on through the advertising of the foreclosure of sale without taking any steps to assert claims of alleged usury .and alleged fraud. The record shows that when the first action was commenced they consulted a firm of attorneys and the type of notice of appearance which *239 was served in their behalf clearly indicated no intention to assert any defenses to the foreclosure action. While it is true that such action was discontinued and the present one shortly thereafter commenced, the actions appear to have been identical except as to added necessary parties in the present foreclosure action. The defendants, nevertheless, took no steps to open their default until the very morning of the foreclosure sale. Under the circumstances, it cannot be said that the default came about as the result of a mistake, inadvertence, surprise or excusable neglect. Denial of the defendants’ motion can rest on this alone. However, the court considers it proper to comment upon the proposed defenses which the defendants would assert if they were permitted to open their default and interpose an answer.
In asserting a defense based upon the claim that the transaction was tainted with usury, the defendants rely on the provisions of subdivision 2 of section 374 of the General Business Law which sets up an exception to the general rule that a corporation may not plead the defense of usury. The facts surrounding the loan to the corporation in this case do not present the type of situation which the amendment to section 374 of the General Business Law is intended to apply. It is well known that the evil which the amendment was intended to combat was a practice which had grown up on the part of money lenders to have an individual home owner form a corporation to hold title to property formerly owned by the individual home owner and then have the newly formed corporation execute the bond and mortgage given to secure a loan at what would otherwise be a usurious rate of interest. In this case the corporation did not execute the mortgages which are being foreclosed nor did the corporation have as its principal asset the ownership of a one- or two-family dwelling. The corporation not coming within the exception prescribed by section 374 of the General Business Law has not and could not under the law plead the defense of usury in connection with the loan procured from the plaintiffs. The defense of usury is likewise not available to the defendants McNeil who are the individual guarantors and indorsers of the corporate obligation (Kings Mercantile Co. v. Cooper, 199 Misc. 381).
With respect to the second defense and counterclaim asserted in the proposed answer in behalf of the defendant Norma McNeil, the court has examined the facts as set forth in the papers and finds that the charges of false representations and acts allegedly done as part of a conspiracy by the plaintiffs to defraud the defendant Norma McNeil completely lacking in merit.
*240 The court accordingly finds no grounds which would justify granting an order permitting the defendants McNeil to open their default, vacate the judgment of foreclosure and sale and permit them to plead the defenses set forth in the proposed answer.
The motion is accordingly denied, with $250 costs awarded to the plaintiffs to compensate them for the added expense to which they have been subjected by reason of the delay in the foreclosure sale necessitating readvertising such sale.
Settle order on notice.