Mario Pittoni, J.
Motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action is granted.
By statute any person who makes a usurious payment, or his personal representative, may recover that payment “ within one year after such payment or delivery.” (General Business Law, § 372. See, also, General Business Law, § 381.)
The complaint alleges that a usurious payment was made by the plaintiff’s intestate, Alice Buchler, on or about October 11, 1956; that said intestate died on May 17, 1959 and the plaintiff was appointed administrator of her estate on May 17, 1959.
No action was commenced by the intestate prior to her death. And since it clearly appears that this action was commenced more than one year after the payment, no action may be maintained by the plaintiff administrator.
*130 The aforesaid payment was allegedly made in connection with a loan made by the defendants to the 127-19 101st Avenue Realty Corp. in the sum of $20,000 and the guarantee of repayment of that loan by the plaintiff’s intestate and her husband, Ernest Buchler. The latter died in November, 1957.
No facts appear to show that either the corporate borrower or the guarantor, Ernest Buchler, agreed to or did pay excessive interest or an unlawful bonus. The payments which were thereafter made and completed by the plaintiff in August, 1.959 were on the corporate obligation. Even if the payments made on the corporate obligation exceeded that permitted by law for individuals, there could be no recovery of the excess; for as a corporation cannot take advantage of the usury statutes (General Business Law, § 374) ' the guarantors may not (Shapiro v. Weissman, 7 A D 2d 752). But here, from the facts alleged, it clearly appears that the excessive payment was made pursuant to a separate agreement by the intestate alone. The year to recover that unlawful payment commenced on October 11, 1956.