Louis B. Heller, J.
This action seeks the foreclosure of a mortgage on real property wherein the defendant has interposed the defenses of usury as well as tender. The action has been consolidated with one seeking to cancel the bond and mortgage on the grounds of usury. The outcome of the litigation hinges on the determination to be made of the issues arising out of the affirmative defenses.
The bond and mortgage involved were executed and delivered by the defendant allegedly as collateral to secure the repayment of a loan of $7,500 made by the plaintiff to Donsid Realty Corp., on which a bonus of $1,500 was concededly charged in addition to interest at the rate of 6% per annum. The defendant’s position is that the loan was in fact usurious in character and was made not to the corporation but to him individually.
An analysis of the documentary exhibits and proof reveals that on November 20, 1957, Donsid Realty Corp., executed a promissory note in the sum of $9,000 payable to the plaintiff, providing for its repayment in quarterly instalments of $400 with interest at the rate of 6%. In consideration of the execution of the note, the plaintiff advanced to the corporation the sum of $7,500 by check which was deposited in the account of the maker of the note. As part of the financial arrangement and as collateral security, the defendant executed a guarantee agreement unconditionally guaranteeing the faithful performance and payment by Donsid Realty Corp., of its obligation on its note and further executed a bond and mortgage on the premises owned by him.
The first three installments of $400 each were paid by the Donsid Realty Corp., with its own checks and signed by the treasurer of the corporation and the fourth installment was paid by the defendant with his own personal check. The fifth and sixth payments were forwarded to the attorney for the plaintiff on the personal checks of the defendant but were returned on the ground that the letters accompanying these payments sought to impose conditions in their payment. Plaintiff submitted as part of his proof a letter on the stationery of the Donsid Realty Corp., signed by the defendant as president, referring to a prior conversation had with the plaintiff’s attorney relative to the arranging of the loan on behalf of the corporation. The evidence further reveals that plaintiff, in inquiring from the defendant as to the necessity for the loan by the corporation, was informed that it was needed for the construction of a building to be used in a retail business. The substance of defendant’s testimony was that he was informed by plaintiff’s attorney that the loan could not be made to him directly but had to be made through *701 a Corporation because of the necessity of obtaining a greater rate of interest which could be obtained legally from the corporation but not from him as an individual.
Viewing the evidence most favorable to the defendant, the court finds that the plaintiff insisted that the Eealty Corporation occupy the status of the borrower so that the effect of the usury statute would be avoided (General Business Law, § 374, subd. Í). This is what was permitted in Jenkins v. Moyse (254 N. Y. 319). There the court held that an action to cancel a mortgage of record on the grounds of usury could not be maintained where, in order to obtain a loan on real property, a plaintiff was compelled to organize a corporation, transfer its property to it, and then have the corporation execute the mortgage in suit for a sum greatly in excess of the amount received, since the corporate mortgage, when executed, had a valid inception and was free from the taint of usury. The court also noted that such a mortgage does not become invalid merely because the corporation was formed as part of a plan whereby the defendant might keep outside of the statute and still obtain a return from the investment greater than the rates allowed by the statute under the circumstances.
This court cannot disregard the corporate entity and declare that a loan made in form which is legal is merely an evasion of the law and a cloak for a loan made not to the corporation but to the individual who owned it, unless it falls within the exception provided by subdivision 2 of section 374 of the General Business Law. (See, also, New York Credit Men’s Assn. v. Manufacturers Discount Corp., 298 N. Y. 512; Werger v. Haines Corp., 302 N. Y. 930; Bradley v. Selengut, 269 App. Div. 209.)
As the court stated in Union Dime Sav. Inst. of the City of N. Y. v. Wilmot (94 N. Y. 221, 227): “ There is no evidence whatever that the transaction took the form it did as a cover for usury. In one sense it took this form for the purpose of escaping usury. * * * The parties had a perfect right to deal with each other with the usury laws before their eyes, and to so shape the transaction as to avoid the condemnation of those laws. ’ ’
In Werger v. Haines Corp. (277 App. Div. 1108, affd. 302 N. Y. 930, supra), the facts were strikingly analogous to the situation presented herein. Over a strong dissenting opinion in the Appellate Division which stated that the loan was made to the corporation as a conduit to conceal the fact that the money was really being borrowed by an individual, the court held that the defense of usury was untenable on the authority of Jenkins v. Moyse (254 N. Y. 319, supra).
*702 The defendant, upon all the evidence, has failed to establish the defense of usury to the degree necessary in such cases. Such a defense must be clearly and decisively proved and not left to interference or implication (Brown v. Robinson, 224 N. Y. 301). The burden rests upon the party seeking to impeach the transaction for usury to prove illegal interest and that the transaction was a cover for usury (White v. Benjamin, 138 N. Y. 623). The defendant’s proof falls far short of this goal.
This court is constrained to hold that the facts involved herein fall within the ambit of the foregoing authorities which, until reversed or modified by our court of last resort or by the Legislature, may not be disregarded. The court finds from all the circumstances that the plaintiff was the lender, the realty corporation occupied the position of borrower, and the defendant as guarantor. The agreements so described the parties concerned. The check of $7,500 was payable to the Realty Corporation and deposited in its account and payments on account of the loan were made from the account and signed by the treasurer. The preliminary conversations relative to the loan, as well as the correspondence, clearly established that the loan was made to the corporation.
Nor can the defendant rely upon subdivision 2 of section 374 of the General Business Law which sets up an exception to the general rule that a corporation may not plead the defense of usury. The facts surrounding the loan to the corporation in this case do not present the type of situation which the amendment to section 374 of the General Business Law was intended to apply. (Koppell v. McNeil, 21 Misc 2d 237.) The corporation, not coming within the exception prescribed by section 374 of the General Business Law, could not under the law plead the defense of usury in connection with the loan procured from the plaintiff. The defense of usury not being available to the corporation, it is not available to its individual guarantor. (General Phoenix Corp. v. Cabot, 300 N. Y. 87; Salvin v. Myles Realty Co., 227 N. Y. 51; Alpha Fin. Associates v. Dann, 18 Misc. 2d 73; Koppell v. McNeil, supra.)
As to the defense of tender, the court finds under the facts presented herein that there was no default on the defendant’s part and plaintiff is not entitled to judgment. The court is bound by the determination made by Mr. Justice Beckinella (N. Y. L. J., Aug. 10, 1959, p. 4, col. 5) that the proffered installments of February 12 and May 28,1959, were not so conditioned as to require the return of the checks. The defendant complied with the terms of the agreements and plaintiff by such rejection *703 and repudiation cannot claim that defendant was accordingly in default.
The facts adduced are not such as to fall within the purview of section 174-a et seq. of the Civil Practice Act relating to tender before a suit, or the case law on that subject. The provisions relative to tender and offer find their basis in the policy of encouraging compromises and settlements for the purpose of reducing litigation and to give the party defending a lawsuit an opportunity to save part of his costs and to impose upon his adversary the burden of paying costs if he should refuse to accept what eventually proves upon trial to be a just tender or offer. (See Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 185-206.)
The defendant, by checks dated February 12 and May 12, 1959, properly forwarded the payments due on those dates, and the return of the checks by plaintiff did not create a default, as the proffer of such payments was prevented by the mortgagee ’s refusal to accept payment, and accordingly such defaults, if any, will be excused. The letter of the plaintiff’s attorney, dated May 28, 1959, declaring the entire unpaid balance due on the mortgage by reason thereof, could not unilaterally create the forfeiture. Since the defendant tendered the amounts of the installments of principal and interest on the due dates, the plaintiff could not make an effective election to declare the entire principal of the mortgage due (446 West 44th St. v. Riverland Holding Corp., 267 App. Div. 135).
For could the plaintiff call in the mortgage and declare the entire amount due by reason of the failure of the defendant to tender the subsequent installments. Having by letter dated May 28, 1959 declared the entire amount due, equity will not require the doing of a vain or useless thing or the performance of an impossible act. (Jacobs v. Dakamount Exploration Corp. [Beckinella, J.], F. Y. L. J., June 25, 1959, p. 8, col. 7; 30 C. J. S., Equity, § 16, p. 336.) To compel the defendant to tender the subsequent installments as they came due would have required him to perform useless gestures. In any event and assuming there were subsequent defaults after the May installment, under the circumstances presented, this court, acting as a court of equity, will not permit a forfeiture to be taken even though the plaintiff may have had the legal right to enforce such forfeiture, as to permit the plaintiff to avail himself of such right would only lead to an unjust and oppressive result, which is looked upon with disfavor by the courts. Courts of equity do not favor such forfeitures (Noyes v. Anderson, 124 N. Y. 175; *704 Janks v. Central City Roofing Co., 271 App. Div. 545; Giles v. Austin, 62 N. Y. 486).
For the reasons hereinabove stated the affirmative defense of usury is stricken and both complaints dismissed upon the merits. Defendant is directed to pay all past-due installments of principal and interest to date. This decision is rendered in accordance with section 440 of the Civil Practice Act. Judgment to be entered accordingly on notice, with costs.