Clarence J. Henry, J.
On October 16, 1958 the defendant corporation borrowed the sum of $50,000 from the.plaintiff bank on a note secured by a guarantee contract executed by the defendant’s president.
The note was renewed, without reduction in the principal amount, at three-month intervals during 1959. On January 5, *827 I960, at the request of the plaintiff, the defendant and its president executed and delivered to the plaintiff a mortgage upon certain real estate, acknowledging in the instrument indebtedness to the plaintiff in the sum of $45,000 but conditioning the mortgage as “ continuing and collateral security ” for any indebtedness then existing or thereafter arising. According to the affidavit submitted by the defendant in opposition to the motion herein the mortgage was not to be recorded unless and until the parties agreed to substitute it for the note and the guarantee contract.
On February 1, 1960, the defendant, by payment in cash, reduced the amount of the note to $44,000. On the following day the plaintiff recorded the mortgage. The note was thereafter renewed at three-month intervals during 1960, becoming finally due on February 2, 1961, on which date the defendant defaulted.
The instant action is for judgment upon the note, demanding $44,000. The defendant’s answer admits the allegations of the complaint but sets up usury, as a separate defense, claiming, in effect, that the plaintiff, by recording the mortgage with its acknowledgment of a $45,000 indebtedness, exacted a $1,000 bonus beyond the legal 6% interest called for by the note.
The plaintiff now moves for summary judgment under rule 113 of the Rules of Civil Practice on the ground that the note is the principal evidence of the debt and the mortgage is simply a variable, continuing collateral security, with a $45,000 limit.
The defendant maintains that the recording of the mortgage, under the agreement of the parties, concerning its use, caused it to become the principal security, that its provisions accomplished a $1,000 bonus, and thus both it and the note are tinged with usury.
Regardless of whatever conversations occurred between the parties as to the intended use of the mortgage, the fact remains that the note is still admittedly extant — and it is the recovery upon it which the plaintiff seeks. The answer sets up the sole defense of usury and the defendant, being a corporation, may not raise the defense of usury (General Business Law, § 374). This is so in spite of the fact that banking institutions such as the plaintiff are subjected to penalties by section 108 of the Banking Law for taking interest in excess of 6%, that provision having been enacted to protect individuals and not corporations (Dilg v. Bank of United States, 244 App. Div. 223 ; Bank of America v. Tierney Sons, 252 N. Y. 584).
It is interesting to note that at the time the mortgage was executed — and the indebtedness of $45,000 acknowledged — the actual indebtedness was still $50,000.
*828 The existence, default and amount of the note having been admitted in the answer, and the defense of usury not being available, it follows that the plaintiff’s motion for summary judgment must he granted, with $10 costs.