BERNARD ROSENBAUM, Plaintiff, *v.* ALLAN V. ROSE et al., Defendants.

Supreme Court, Westchester County, May 16, 1962.

*Walter S. Ginzler* and *Bleakley, Platt, Schmidt, Hart & Fritz* for plaintiff. *Tomback & Tomback* for Allan V. Rose and another, defendants.

HUGH S. COYLE, J. This is a motion by plaintiff for an order pursuant to rule 113 of the Rules of Civil Practice, striking out the answer of the defendants Allan V. Rose and Willa Rose, and directing summary judgment in favor of plaintiff. The action is one to foreclose a mortgage. The plaintiff is a holder of a certain mortgage and mortgage note executed on November 13, 1958. The original mortgagor was the defendant Innis Lake Estates, Inc., a corporation. The mortgage is in the sum of $10,000 and the mortgage note accompanying said mortgage by its terms was payable on November 13, 1959, with interest at the rate of 1½% payable monthly, or 18% per annum.

Presented here are three issues, namely, usury, tender and the post-maturity interest rate. The defense of usury is insufficient and will be stricken. The original transaction was entered into by a corporation, and although it is made a party to the action, such defense is not now and never was available to it. The defendants Rose are strangers to the original transaction and the defense of usury may not be set up by a stranger to the original transaction and may never be set up by one who takes title subject to and assumes payment of a mortgage and note even where it calls for interest in excess of that permitted under the General Business Law to be charged to an individual (*Del Rubio* v. *Duchesne*, 284 App. Div. 89, 92; *Kahn* v. *Sohmer*, 12 A D 2d 982; *Halsey* v. *Winant*, 258 N. Y. 512).

From an examination of the papers submitted hereon, there appears to be no doubt that defendants have failed to make a tender. As a matter of fact this is all but conceded by defend-

ants. They do however, raise the issue that an actual tender was rendered unnecessary where a party has shown that it would not be accepted if made. The court finds that what they allege as a tender was, in fact, an offer of settlement made by their attorneys subsequent to the commencement of the action. Thus, in the absence of a tender of the mortgage debt, the plaintiff is entitled to pursue the remedy of foreclosure.

The principal question presented by this motion is the one concerning the post-maturity interest rate. The mortgage note in question is silent as to what interest rate is called for following maturity. It is argued by plaintiff that where the note does not specify the post-maturity rate of interest, the stipulated rate, whether it is greater or less than the legal rate will equal the amount specified in the note. On the other hand, it is the contention of the defendants that after maturity of the note interest is computed as damages according to the rate then prescribed by law whether that rate is more or less than called for in the note.

No question has been raised by the parties that any agreement was made between them regarding the rate of interest applicable subsequent to the maturity date of the note. In *Metropolitan Sav. Bank* v. *Tuttle* (290 N. Y. 497, 500) the Court of Appeals passed upon the question here presented and stated: '' It is the settled law in this State that, *in the absence of other agreement by the parties*, ' where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract.' (*O'Brien* v. *Young,* 95 N. Y. 428, 429.) After maturity, in the absence of other agreement, the interest is computed as damages according to the rate then *prescribed by law*, whether that is more or less than the contract rate. (*O'Brien* v. *Young, supra,* p. 430; *Ferris* v. *Hard,* 135 N. Y. 354; *Title Guarantee & Trust Co.* v. *2846 Briggs Avenue, Inc.,* 283 N. Y. 512.) The rate may continue to be the rate provided in the contract or obligation when so prescribed *by statute* but the interest is nevertheless that which is *authorized by law.* (*Title Guarantee & Trust Co.* v. *2846 Briggs Avenue, Inc., supra.*) ''

It is apparent in the light of the above-quoted authority, that the maximum interest rate which plaintiff can collect is the legal rate allowed by law, namely, 6% per annum following the maturity date of the mortgage note, i.e., November 13, 1959.

Under the facts and circumstances above, it is the decision of this court that plaintiff's motion for summary judgment is granted plus taxable costs to date, to the extent hereinfore indi-

cated, that is, that interest be computed at 6% per annum from November 13, 1959.

Defendants' cross motion for an order pursuant to section 333-b of the Real Property Law directing that the principal sum of the mortgage with interest thereon be paid to the Clerk of the County of Westchester and ordering that upon such payment the obligation secured by the mortgage be cancelled and marked discharged of record and awarding costs and reasonable attorney's fees to the defendants is denied.