**CONSOLIDATED JEWELERS, INC.,**
Plaintiff-Appellant,

v.

**STANDARD FINANCIAL CORPORA-TION,** Defendant-Appellee.

No. 15173.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1963.

Irwin G. Waterman, Louisville, Ky., Carl Bensinger, Louisville, Ky., on brief;

Morris & Garlove, Louisville, Ky., of counsel, for appellant.

Thomas W. Bullitt, Louisville, Ky., Bullitt, Dawson & Tarrant, Louisville, Ky., of counsel, for appellee.

Before CECIL, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

This case involves a contract for the lending of money by appellee, a New York corporation, to appellant, a Kentucky corporation. The principal issue presented on this appeal is whether the contract is governed by the laws of Kentucky, under which the prescribed rate of interest is usurious,[1] or by the laws of New York, under which the rate of interest is lawful.[2]

Appellant operates retail credit jewelry stores in Louisville, Kentucky. Ninety-five per cent of its business consists of installment sales. Appellee is a commercial financial institution incorporated under the laws of New York, maintaining its only office in New York City, and is engaged principally in time sales financing and the lending of money secured by accounts receivable.

Appellee is not domesticated to do business in Kentucky, but was held by the District Court to have sufficient "minimal contacts" with Kentucky with regard to the transaction in question so as to be subject to substituted service of process upon the Secretary of State and so as to be within the jurisdiction of Kentucky courts.[3]

The contract, dated November 25, 1958, contains an express provision that it did not become effective until accepted by appellee at its office in New York and that "all transactions hereunder shall be governed and construed by the laws of the State of New York." An arrangement was provided for a revolving loan of money by appellee to appellant secured by a pledge of all accounts receivable owned by appellant at the time of the agreement and by all future accounts receivable arising out of retail sales of merchandise in the ordinary course of appellant's daily business during the existence of the contract. The rate of interest initially was fifteen and one-half per cent, and subsequently was increased to as much as seventeen and one-half per cent.

Appellant filed this suit in the Circuit Court of Jefferson County, Kentucky, and it thereafter was removed to the U. S. District Court on grounds of diversity of citizenship. Appellant sued to recover usury and for money damages totaling $158,000, claiming: (1) that the law of Kentucky should be applied contrary to the express terms of the contract, and that the interest charges made by appellee were usurious under Kentucky law; (2) that the contract was harsh and oppressive and that appellee had acted in bad faith in reducing its advances to appellant while continuing to require an assignment of all of appellant's accounts, thereby damaging and destroying appellant's business; (3) that appellee maliciously had damaged appellant's business and impaired its accounts receivable po-

1. K.R.S. 360.010(1) fixes the maximum legal rate of interest in Kentucky at six per cent per annum. K.R.S. 360.020 provides that all contracts for more than the maximum legal rate of interest are void as to the excess over legal interest.

2. The New York General Business Law, § 374, subsection 1, provides that "No corporation shall hereafter interpose the defense of usury in any action." This statute eliminates any defense based on a plea of usury. Elias v. Schwartz, 22 Misc.2d 129, 201 N.Y.S.2d 223; Margulis v. Messinger, 34 Misc.2d 699, 210 N.Y.S. 2d 855; Central Trust Co. v. Simmons Motor Corp., 28 Misc.2d 826, 215 N.Y.S. 2d 555; Franklin Nat. Bank of Long Island v. Bush Prefabricated Structures, Inc., Sup., 219 N.Y.S.2d 281; Rosenbaum v. Rose, 35 Misc.2d 431, 230 N.Y.S.2d 742; Yorktown Management Co. v. Record Realty Co., City Civ.Ct., 236 N.Y.S.2d 866; Isle of Wight Co. v. Smith, 51 Hun 562, 4 N.Y.S. 73.

3. See K.R.S. 271.385. The order of the District Court overruling appellee's motion to dismiss this action on jurisdictional grounds is not at issue on this appeal.

sition by demanding direct payment from appellant's customers on the assigned installment contracts without a proper explanation of the circumstances; and (4) that appellee was required under K.R.S. 360.060 to pay interest on the reserve of accounts receivable which it held.

The District Court sustained appellee's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, treating it as a motion for summary judgment as provided in Rule 12(b), Federal Rules of Civil Procedure.

We affirm the judgment of the District Court.

■ It is well established that two parties to a contract can stipulate that the contract will be controlled by the law of a particular state which bears a reasonable relation to the transaction. Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 47 S.Ct. 626, 71 L.Ed. 1123; Sheerin v. Steele, 240 F.2d 797 (C.A.6); Blackford v. Commercial Credit Corp., 263 F.2d 97 (C.A.5); Restatement, Conflict of Laws §§ 332a, 334d (Tent. Draft No. 6, 1960); Goodrich, Conflict of Laws § 111. This is the law of Kentucky, subject to two conditions or requirements for application of the rule: (1) some vital element of the contract must be associated with the state whose laws are designated to control, and (2) the transaction must have been entered into in good faith. Big Four Mills, Ltd. v. Commercial Credit Co., 307 Ky. 612, 211 S.W. 2d 831.

■ We find that more than one vital element of the contract in this case is connected with the State of New York, whose law is sought to be invoked. The contract by its terms was not effective until accepted by appellee in New York. Advances by appellee to appellant were made by deposits in appellant's bank account with the Chase Manhattan Bank in New York. The advances were secured by an assignment of accounts receivable sent each week to New York. All installment contracts assigned by appellant were held by appellee in fireproof files in New York.

Schedules made up in Kentucky were sent by mail to New York and accepted by appellee in New York. These "vital elements" closely parallel those involved in Big Four Mills v. Commercial Credit Co., supra, and fully satisfy the standards prescribed in that case.

In the Big Four Mills case, the Court of Appeals of Kentucky stated as an additional standard that the transaction must have been entered into in good faith, saying that if its terms and the place of its making and performance were simply devices to evade the usury laws of Kentucky, the Kentucky court would not be bound to apply the law of Maryland which denies a corporation the defense of usury. The court then proceeded to hold that under a contract strikingly similar to the one here involved, an agreement between two corporations for payment of interest in excess of the maximum Kentucky rate did not constitute bad faith.

The good faith requirement, in this context, was well explained by Mr. Justice Stone: "The effect of the qualification [of good faith] is merely to prevent the evasion or avoidance at will of the usury law otherwise applicable, by the parties' entering into the contract or stipulating for its performance at a place which has no normal relation to the transaction and to whose law they would not otherwise be subject." Seeman v. Philadelphia Warehouse Co., 274 U.S. 403, 408, 47 S.Ct. 626, 628, 71 L.Ed. 1123.

■■ Here the parties did not stipulate a forum having no normal relation to the transaction. To the contrary, a number of vital elements of the contract were related to New York, as hereinabove set forth. As said by Judge Brooks, the District Judge, in this case:

"The Big Four Mills case demonstrates conclusively that no claim of bad faith can be made against a foreign lender, even one who intends to avoid Kentucky's usury laws, if the real situs of the transaction in question is not in Kentucky and if the nonresident lender's connections

with another state are sufficient to justify contracting with reference to the laws of that state. There is nothing devious about a New York corporation, having its principal place of business in New York, loaning money in New York under a contract negotiated in part and entered into in New York and to be performed in large part in New York, and the fact that the defendant had sufficient contact with this State to be amenable to process here does not alter the fact that this is essentially a New York transaction. New York law does not permit a corporate party to complain or defend on the ground of usury, Isle of Wight v. Smith [51 Hun. 562], 4 N.Y.S. 73 (Sup.Ct., 2d Dep.); 55 Am.Jr. [Jur.], Usury, Section 104, p. 395 (1946), and under the Kentucky conflicts-of-law rule her courts would apply the New York law in this case. Big Four Mills Co. v. Commercial Credit Co., supra."

■ We hold that this was a correct application of Kentucky law. Under the rule of Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, the District Court was required to apply the law of the State in which it was sitting.

Appellant also asserts that it is entitled to damages on the ground that at the time of the making of the contract, "the appellee knew that the amount of its advances permissible under the contract would not permit the appellant to maintain its business" and that the action of appellee in curtailing the advances to appellant while taking as additional collateral all accounts receivable "effectively dried up the appellant's business."

■ We agree with the holding of the District Court that appellee did not violate the contract by these actions. Under its express provisions, appellee agreed to advance to appellant up to fifty per cent of the unpaid balance of prime paper assigned to and held by appellee. Appellee had the right to determine, in its sole discretion, the aggregate amounts of its advances.

■ Appellant further complains that, after it had made demands upon appellee for usury and damages for allegedly wrongful actions, appellee notified obligors of accounts receivable and installment obligations to make future payments by mail directly to appellee's New York offices; and that as a result of such notices several hundred of appellant's customers have complained, refused to make payments, closed their accounts, sought out the Better Business Bureau, consulted attorneys, and otherwise indicated a state of confusion, a refusal to pay their accounts and dissatisfaction with appellant's stores. Appellant relies upon the principle that a pledgee of accounts receivable is under a duty not to do any act which will damage the value of the pledged collateral.

■ As held by the District Court, the contract unquestionably gave appellee the right to revoke appellant's authority to make collections on assigned accounts. Appellee had the right under the contract, at its option, to make collections directly from those customers of appellant whose accounts had been assigned.

■ The provisions of the contract in these respects are clear and unambiguous. This Court will not remake the contract or add a condition which was not written into it. Pennsylvania Railroad Co. v. Chesapeake & Ohio R. Co., 229 F.2d 721, 726 (C.A.6). As said by this Court in Columbia Gas Construction Co. v. Holbrook, 81 F.2d 417, 419:

> "We are not here concerned with the fairness of the arrangement. The court has no power to make a new contract for the parties, and to strain at construction where the terms are clear would be the writing of an agreement into which the parties had not entered."

■ Further, we agree with the trial court that K.R.S. 360.060 does not entitle appellant to receive interest on the reserve of accounts receivable which it

held. The contract contains no provision for interest on such reserves, and, as held by the District Court, this Kentucky statute would no more apply to transactions under this New York contract than would the Kentucky usury laws. See Big Four Mills v. Commercial Credit Co., supra.

 Finally, it is our opinion that the District Court properly disposed of this case on appellee's motion to dismiss the complaint for failure to state a claim upon which relief could be granted, treating the motion as one for summary judgment, matters outside the pleadings having been presented to and not excluded by the court, and all parties having been given reasonable opportunity to present all material made pertinent to such a motion. Rule 12(b), Federal Rules of Civil Procedure. General averments of conclusions stated in the pleadings do not require the District Court to hear evidence, when the pleadings are at variance and inconsistent with the clear and unambiguous language of the contract filed as an exhibit thereto and "made a part hereof as if fully copied herein." Both New York and Kentucky apply the general rule that in case of a variance between the allegations of a pleading and the recitals of an exhibit thereto attached, the latter will govern when the exhibit is the foundation of the pleading. Kucker v. Gates Container Corporation, 263 App.Div. 1006, 33 N.Y.S.2d 608, aff'd. 289 N.Y. 664, 45 N.E. 2d 170; Ingram v. State Property & Buildings Commission, 309 S.W.2d 169 (Ky.1958).

Likewise, the District Court was not required to hear evidence as to averments set forth in the complaint as to the real intentions and oral agreements of the parties not contained in the written contract. Under both New York law and Kentucky law, all prior and contemporaneous representations, negotiations and agreements on the subject matter of a contract are merged into the written instrument. See, e. g., Saul v. Arthur Rosenberg Co., Sup., 109 N.Y.S.2d 589; Bradford Co. v. Dunn, 250 N.Y. 461, 166

N.E. 167; Bennett v. Consolidated Realty Co., 226 Ky. 747, 11 S.W.2d 910, 61 A.L.R. 453; Loveland, et al. v. Hays, 208 Ky. 155, 270 S.W. 722.

The judgment of the District Court is affirmed.