422 F.2d 825
 SOUTHERN FARM BUREAU LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
Adnette T. McCLELLAN, Individually and as Executrix of the
Estate of Ammon McClellan, Deceased, Defendant-Appellant,
Smith, Kirkpatrick & Co., Inc. and Robb Corbay & Co.,
Defendants-Appellees.
 No. 27966.
 United States Court of Appeals Fifth Circuit.
 Jan. 9, 1970.
 
 Julius F. Parker, Jr., Parker, Foster & Madigan, Tallahassee, Fla., for appellant.
 William F. Daniel, Tallahassee, Fla., Ernest M. Breed, Sebring, Fla., A. Frank O'Kelley, Victor M. Cawthorn, Cotten, Shivers, Gwynn & Daniel, Tallahassee, Fla., MacBeth & Breed, Sebring, Fla., for appellee.
 Before JOHN R. BROWN, Chief Judge, and TUTTLE and MORGAN, Circuit judges.
 PER CURIAM:
 
 
 1
 This is an appeal by Adnette T. McClellan from the order of the United States District Court which determined that certain moneys paid into the registry of that court should be distributed to Robb, Corbay & Company, as successor in interest to Smith, Kirkpatrick & Company, Inc. At issue was the ownership of the proceeds of two life insurance policies issued by Southern Farm Bureau Life Insurance Company.
 
 
 2
 On September 30, 1958, Smith, Kirkpatrick & Company, Inc., entered into an agreement with Ammon McClellan Landscaping, Inc., to advance the Landscaping Company a line of credit to finance certain projects contemplated by the borrower. Ammon McClellan, acting as surety on the loan agreement, agreed to assign certain life insurance policies issued on his life by Southern Farm Bureau Life Insurance Company as well as his shares in Ammon McClellan Landscaping, Inc. The two contested policies totaled $80,000.00. In return, Smith, Kirkpatrick & Company, Inc., advanced to Ammon McClellan Landscaping, Inc., $82,000.00. The Landscaping Company executed seven promissory notes payable on June 5, 1960, in the total amount of $82,000.00. However, except for two payments of $4,920.00 and $5,147.74, Smith, Kirkpatrick & Company, Inc., received no payments on the principal indebtedness, either from the corporation or the surety, Ammon McClellan. As a result of negotiations between Smith, Kirkpatrick & Company, Inc., and Ammon McClellan, an installment note dated March 7, 1960, in the principal amount of $96,482.43 was executed by Ammon McClellan and Adnette McClellan and by Ammon McClellan on behalf of Ammon McClellan Landscaping, Inc.
 
 
 3
 The primal issue confronting this Court is whether the note of March 7, 1960, was a new note or additional collateral for the old indebtedness. The importance of this question is realized when it is shown that the March 7th note contained a 6 1/2 percent rate of interest which is termed usurious under the controlling law, i.e., New York law. However, New York law provides that usury cannot be raised as a valid defense by a corporation. Sohmer Factors Corp. v. 278 Corp., 13 Misc.2d 142, 172 N.Y.S.2d 886 (1958). See Margulis v. Messinger, 34 Misc.2d 699, 210 N.Y.S.2d 855 (1960). Accordingly, if the Court should determine that the March 7th note was merely additional collateral for the prior indebtedness, the defense of usury would not be available in that the original note of September 30, 1958, was issued by a corporation. This is not true of the note of March 7, 1960.
 
 
 4
 The conclusion of the district court was correct. The 1958 indebtedness was before the court by way of the business records and other documents. It is clear that the March 7th note was merely additional collateral for the September 30th note. Therefore, the execution of the March 7th note 'was not a new and separate obligation but represented additional collateral and was an attempt by Smith, Kirkpatrick & Company, Inc., to provide an orderly method of payment of the foregoing installments'.
 
 
 5
 Affirmed.