**Danny OLIVER, Appellant,**

v.

**LOUISVILLE GAS AND ELECTRIC COMPANY, Appellee.**

Court of Appeals of Kentucky.

June 5, 1987.

Discretionary Review Denied by Supreme Court July 30, 1987.

Henry Durham, Greensburg, Harry L. Mathison, Henderson, for appellant.

E.P. Barlow Ropp, Glasgow, O. Grant Bruton, Kendrick R. Riggs, Louisville, for appellee.

Before COOPER, HAYES and WEST, JJ.

HAYES, Judge:

This is an oil and gas lease dispute in which the lessor, Danny Oliver, appeals the entry of a summary judgment in favor of Louisville Gas & Electric Company (hereinafter referred to as LG & E) and denying his similar motion. It is alleged that the trial court's determinations were erroneous and that a trial on the merits is warranted.

The essential facts are as follows. The appellant is the owner of two tracts of land, the "Judd" tract and the "Skaggs" tract, in Green County, Kentucky. Both tracts form a part of a large reservoir known as the Magnolia Gas Storage Reservoir, in which appellee has continuously since 1957 stored natural gas for purposes of supplying fuel to its winter customers. At the time of appellant's purchase they were encumbered by two similarly worded "oil, gas and gas storage" leases granted to LG & E by appellant's predecessors. The following language appears in both the Judd lease of 1963 and the Skaggs lease of 1957:

> *Habendum* To Have and to Hold unto and for the use of the Lessee for the term of 20 years from the date hereof and as much longer as oil or gas is produced in paying quantities or as the property continues to be used for the underground storage of gas.

> *Rents and Royalties* ... Lessee may, but is not obligated or required to drill the leased premises.

Additionally, an annual rental fee was also provided in each lease.

The granting clauses described the purpose of the leases as (1) operating, producing and marketing oil and gas; (2) together with the exclusive right to inject and store gas underground including the right to use, clean out, recondition and/or plug all wells and equipment therein now or hereafter on said tract of land.

The Judd property has seven wells which were drilled and completed prior to 1961; no wells have been drilled on the Skaggs tract. On February 24, 1981, appellant requested through his attorney that appellee commence an oil and gas test well or that the formations not used by appellee for gas storage be released. An additional request was made November 8, 1983. The annual rental checks have been refused by appellant since 1983 and instead have been tendered to the trial court. Appellant, on December 11, 1984, commenced action alleging breach of an implied covenant of reasonable development and requesting the court to declare a forfeiture of appellee's rights except its rights to store gas. Upon each party's motion for summary judgment the trial court ruled that the express language of the leases negated any implied covenant to drill and develop and, in any event, appellee kept its leases in force by tendering and paying rentals pursuant to KRS 353.020.

Appellant argues on appeal that the statute is inapplicable, the language of the lease did not operate to negate the implied covenant, and that he is entitled to a trial on the merits to determine whether the appellee has met the prudent operator standard of *Amoco Production Co. v. Douglas Energy Co., Inc.*, D.C.Kan., 613 F.Supp. 730 (1985).

We disagree. While it is true that under some circumstances there exists an implied covenant in oil and gas leases that a reasonable attempt will be made to explore and develop the resources, there is no room for an implied covenant where the lease agreement itself makes the matter of development discretionary with the lessee. *Warren v. Amerada Petroleum Corporation*, 211 S.W.2d 314 (Tex.1948). A contract between parties dealing in oil and gas is subject to the same rules of construction as any ordinary contract, and courts will not undertake to write a different contract or alter terms where the parties' intent is clearly expressed. *Adkins v. Adams*, 152 F.2d 489 (7th Cir.1945); *Consolidated Jewelers, Inc. v. Standard Financial Corp.*, 325 F.2d 31 (6th Cir.1963).

It is clear that looking at the contract as a whole, its purpose was primarily that of storage of natural gas. This purpose is further evidenced by the actual use to which the property has been put for over a quarter of a century. Furthermore, the express language of the lease itself expressly negates any implied covenant to explore and develop.

Appellant requests that this Court adopt the reasoning of *Cowden v. Broderick and Calvert, Inc.*, 131 Tex. 434, 114 S.W.2d 1166 (1938), which held that the language "lessor agrees that all other development shall be at the discretion of the lessee" did not leave the development to the complete option of the lessee. However, no Kentucky court has held that an implied covenant cannot be negated under any circumstance. Moreover, the Texas court noted that the implied covenant arises only in *absence* of express stipulation. The case is factually distinguishable from the case at bar, as therein the court determined that the purpose of the contract was to further production of oil and gas, and reasoned that leaving further development to the uncontrolled will of the lessee would prevent the accomplishment of the purpose for which the lease was made.

Such is not the case here. Accordingly, as the agreement clearly determines the rights of the parties, negating any implied covenant to drill or develop, the judgment of the Green Circuit Court is affirmed.

All concur.